CHARLES R. SOUTHWELL ET AL. v. F. W. CHURCH ET AL.

Decided June 30, 1908.

**1.—Receiver—Appointment by State Court—Bankruptcy—Jurisdiction.**

When a State Court has acquired jurisdiction of the affairs of a solvent partnership by the appointment of a receiver it has the right to retain such jurisdiction although a receiver in bankruptcy has been appointed by a Federal Court upon a petition by one of the partners, and this, though the petition in the State Court for the appointment of a receiver was imperfect and was amended subsequent to the appointment of the receiver by the Bankrupt Court.

**2.—Receivers—Intervention—Appeal—Practice.**

Where one of the defendants in an application for the appointment of a receiver for a partnership, makes no objection to the ruling of the trial court refusing to allow a receiver in bankruptcy to intervene in such proceeding, such defendant will not be heard to complain of said ruling on appeal.

**3.—Partnership—Receiver—Pleading.**

It is not necessary to allege the insolvency of a partnership to obtain the appointment of a receiver for the same. Where, because of disagreements among the partners and the pressing of creditors, a partner agreed to the appointment of a receiver in order to prevent a waste of partnership assets, such partner will not be heard afterwards to object to the receivership and move that it be vacated.

**4.—Receiver—Appointment—Notice.**

Where partners agree that an application may be made by one of their number for the appointment of a receiver to take charge of the partnership business, citation or notice of the hearing of the application is not necessary.

**5.—Practice—Bill of Exception.**

A bill of exception which fails to show what the testimony was which was objected to or what objection was made, can not be the basis for an assignment of error.

**6.—Receivership—Pleading—Amendment—Effect.**

Where an original application for the appointment of a receiver is defective, but, upon the hearing of a motion to vacate an appointment made thereunder, a trial amendment is filed curing the defects in the original application, a refusal of the court, after hearing the evidence, to set aside the original order of appointment, would in effect be a reappointment of the receiver.

Appeal from the Thirty-seventh Judicial District, Bexar County. Tried below before Hon. E. Dwyer.

*Paschal & Hill,* for appellant Southwell.—The court erred in refusing to permit the receiver in bankruptcy, Sam C. Eldridge, to intervene in the cause, for the reason that said receiver had been appointed by the Federal Court receiver of the Texas Book & Stationery Company, on April 8, 1908, and because, as such receiver, he was asserting that said firm was bankrupt, and that the property belonged to him. Graves v. Hall, 27 Texas, 148; Eccles v. Hill, 13 Texas, 66; Pool v. Sanford, 52 Texas, 633; Ivey v. Harrell, 1 Texas Civ. App., 229.

The court erred in overruling the motion of the defendant C. R. Southwell to vacate the receivership, for the reason that the petition on which the receiver was appointed did not state any cause of action, and, therefore, there was no authority to appoint a receiver. Sayles' Stats., art. 1492; Farwell v. Babcock, 27 Texas Civ. App., 162; Espuela L. & Cattle Co. v. Bindle, 5 Texas Civ. App., 21; People's Investment Co. v. Crawford, 45 S. W., 738; New Birmingham Land Co. v. Blevens, 12 Texas Civ. App., 410.

The court erred in permitting plaintiff to file a trial amendment after the case had been fully presented, and the argument closed, and after the evidence had been introduced, because said amendment came too late, and could not be used as a basis for the appointment of a receiver, when the receiver had already been appointed under a sworn petition which stated no cause of action or grounds for a receiver. Especially should plaintiff be denied the right to amend after a receiver had been appointed by the Federal Court in a proceeding in bankruptcy, and which receiver was before the court asking to intervene and assert his superior right to the property in controversy. Sayles' Stats., art. 1192; Krueger v. Klinger, 10 Texas Civ. App., 576; Contreras v. Haynes, 61 Texas, 103.

A receiver will not be appointed on the application of one partner who sues the partnership and the other partner, unless there is an allegation of fraud or gross mismanagement of the business such as would justify a court of equity in intervening and taking it from the partners. Webb v. Allen, 15 Texas Civ. App., 605; American T. N. Colony Co. v. Schuler, 34 Texas Civ. App., 560; Beach on Receivers, secs. 5, 123, 566.

Dissatisfaction among partners, or that the business is unprofitable, or that an accounting should be had, or where one member has control and does not refuse to allow the others to participate, is no ground for the appointment of a receiver. Webb v. Allen, 15 Texas Civ. App., 605; Beach on Receivers, sec. 566.

*J. C. Sullivan* and *Don A. Bliss,* for appellees.—The partners having agreed that a receiver should be appointed by the court to wind up the partnership affairs on account of the irreconcilable differences and dissensions existing among them with reference to the management of the partnership business and the winding up thereof, and owing to the danger of serious injury and loss being inflicted upon them unless such a receiver should be appointed; and the application for the appointment of a receiver having been made to the court, and granted by the court,

under the belief that there would be no opposition or objection to such appointment, the court did not err in allowing F. W. Church, after hearing a part of the testimony, to file an amendment setting up the facts and covering the evidence adduced on the trial of the motion to vacate the order appointing the receiver. Western Union Tel. Co. v. Bowen, 84 Texas, 476; First National Bank of Austin v. Sharpe, 12 Texas Civ. App., 223; Ford v. Liner, 24 Texas Civ. App., 353; Mayfield Lumber Co. v. Carver, 66 S. W., 216; Colorado Canal Co. v. Mayes, 38 Texas Civ. App., 271.

The court having appointed a receiver under an agreement made by the partners that a receiver should be appointed to wind up the partnership business and pay the partnership debts; and the facts shown by the trial amendment (or rather amended original petition, for the dissolution of the partnership and for the appointment of a receiver to take charge and control of the partnership property and business, and wind up the same), and the evidence showing that the appointment of a receiver was proper and necessary, the court did not err in refusing to grant the motion to vacate the order appointing the receiver. Rev. Stats., art. 1465, subd. 4; id., arts. 1492, 1493; Cotton v. Rand, 92 S. W., 266; Rische v. Rische, 101 S. W., 849; 2 Bates on Partnership, sec. 998, and authorities cited in note 6; Smith on Receiverships, sec. 191, and authorities cited in note 3; Beach on Receivers, sec. 567, and authorities cited in notes 5 and 6; Law v. Ford, 2 Paige Chan. (N. Y.), 310; McElvey v. Lewis, 76 N. Y., 375; Richards v. Baurman, 65 N. C., 166; Randall v. Morrell, 17 N. J. Eq., 346; Marten v. Van Schaick, 4 Paige Chan. (N. Y.), 479; Speights v. Peters, 9 Gill., 472; Dunn v. McNaught, 38 Ga., 179; Whitman v. Robinson, 21 Md., 30; Goodman v. Whitcomb, 1 Jac. and W., 589.

FLY, ASSOCIATE JUSTICE.—On April 3, 1908, F. W. Church applied for a receiver for a firm known as the Texas Book & Stationery Company, which was composed of the petitioner, Charles R. Southwell, and R. H. Henry, alleging that the partnership owned a large and valuable stock of goods in a brick store on Commerce Street, in the city of San Antonio, of the value, with notes and accounts, of $13,000; that the firm owed about $9,500 to numerous persons, and that some of them were threatening to use extraordinary legal remedies to collect their debts, by which the property and business would be lost and materially injured.

The prayer for a receiver was granted, and Samuel Belden was appointed, and filed the necessary bond and oath. On April 9, 1908, C. R. Southwell, one of the partners, filed a motion to vacate the order appointing the receiver, because the petition showed that the partnership was solvent, because no statutory grounds for a receivership were stated, and because the appointment of a receiver on an *ex parte* hearing was null and void. On April 11, 1908, a trial amendment of the petition was permitted by the court, in which it was alleged that disagreements existed among the partners of such a nature as to prevent the continuance of the partnership with success, that no agreement could be reached by which any partner could buy or sell, and that creditors were threatening legal proceedings, and that the partners, realizing that the business could not be successfully conducted, had agreed that F. W. Church should pre-

sent an application for the appointment of a receiver, and that, in pursuance of that agreement, the receiver had been appointed. On the same day the court heard evidence as to the agreement by the partners to apply for a receiver, and as to the necessity for the same, and overruled the motion to vacate the order appointing the receiver.

S. C. Eldridge, without leave of the court, filed a plea in intervention in the suit on the day of trial, alleging that he had been appointed receiver in bankruptcy on April 8, 1908, of the estate of the partnership, by the United States District Court of the Western District of Texas, and he asked for a revocation of the order appointing the receiver. After the paper was filed and read to the court, and authorities cited, and arguments made by counsel for Eldridge, and the court had announced that he would overrule the motion to vacate, said Eldridge excepted, and gave notice of appeal, and the court announced that Eldridge had no right to appeal, as he had not obtained leave to intervene. Eldridge then asked for leave to intervene, which was denied. Most of the foregoing facts as to the receiver in bankruptcy are found in a bill of exceptions, the order refusing to vacate the appointment of a receiver containing nothing except that the court refused the intervention and that the intervener appealed from that refusal. The court did not pass on the application to vacate made by Eldridge.

Southwell was not injured by the refusal of the court to permit an intervention on the part of Eldridge, and the first assignment of error must be overruled. Southwell interposed no objection whatever in the trial court to the refusal to permit Eldridge to intervene, and, even if the action of the court affected his rights, he has nothing upon which to found a complaint in this court.

In this connection it may be stated that the court did not err in refusing an intervention in this case by the receiver of the Federal Court. The State Court had obtained jurisdiction of the subject matter, and the receivership under the bankruptcy proceedings could not be permitted to interfere with it. Sections 50, 62, High on Receivers.

In a Federal case, Gaylord v. Ft. Wayne, M. & C. Ry., 6 Biss., 286, cited in support of the text, it was held that the court first obtaining jurisdiction will hold it even though the bill as originally filed was imperfect and was amended subsequent to the appointment of a receiver in another court. The court said: "In deciding this question we have to lay down a rule which would apply to both courts, State and Federal, by which we would be bound if the State Court first obtained jurisdiction of the *res*, and by which the State Courts should also be bound when the Federal Court has first obtained jurisdiction, and we are not prepared to hold that, because the allegations in the bill are imperfectly stated, or because an amendment is made to the bill, that thereby the court loses jurisdiction of the subject matter."

When the receiver was appointed in the Federal Court the parties were all undoubtedly in the State Court, by an agreement to have a receiver appointed, and in pursuance of that agreement the receiver had been appointed. The jurisdiction of the State Court had attached, and it could not be interfered with by any subsequent orders of the Federal Court. It follows that the mere allegation that bankruptcy proceedings had been instituted and a receiver appointed by the Federal Court sub-

sequent to the appointment of a receiver by the State Court formed no ground for intervention, and the court very properly denied it. There was not an allegation in the plea in intervention that showed any interest in Eldridge in the suit, and he had no place in it. Shields v. Coleman, 157 U. S., 168. It was not necessary to allege the insolvency of the partnership in order to obtain the appointment of a receiver. It is provided by statute that a receiver may be appointed in any action "between partners or others jointly owning or interested in any property or fund, on application of the plaintiff or any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

All the assignments copied into the brief of appellant Eldridge apply to appellant Southwell alone, and when it is settled that Eldridge showed no reason why he should have been allowed to intervene it follows that he is in no position to be complaining of supposed errors as to Southwell. Even if the court erred in not allowing Eldridge to intervene, still, if the points he makes for Southwell were properly disposed of, he has no ground for complaint.

The second assignment of Southwell can not be sustained. There were disagreements among the partners as to the management of their business; they owed a number of debts, some of which were pressing, and it became necessary to have a receiver appointed in order that the business might be conducted in such a manner as to pay off and discharge the debts. And the necessity for a receiver was clearly shown by the agreement among the partners to have a receiver appointed. It may be that creditors could have objected to the appointment of the receiver, but certainly a partner who agreed to it can not be heard to object. Southwell fully recognized the necessity for some action, his only doubt being as to whether a receiver should be asked for, or bankruptcy proceedings instituted. He agreed to a receivership, and when he sought to destroy the receivership the court was justified in hearing proof as to his acquiescence in the application for a receiver. He claimed that the appointment was an *ex parte* proceeding, of which he had no notice, and the court had the right to protect its jurisdiction by proof that the objecting party had agreed to the application for a receiver, and was actually in the courtroom at or about the time the proceedings as to the receivership were taking place. He could have done this without permitting the trial amendment, but it was within his discretion to allow an amendment covering, among other things, the agreement of Southwell to the receivership proceedings. Citation was not necessary because the proceedings were to all intents and purposes those of the partnership, and the court acted on that representation.

The bill of exceptions number one, as to the evidence of Church and Henry, is not sufficient to form a basis for an assignment. It fails to state what evidence of the witnesses was objected to or what they testified. No other bill of exceptions shows what the testimony was to which objection was urged.

There is no contention that the trial amendment does not set up a good cause for a receivership, and appellants were then in court, and there was a full and fair hearing as to the necessity for the appointment

of a receiver. The refusal to set aside the original order was, in effect, a reappointment of the receiver. Appellants had their day in court and have no cause for complaint. Cotton v. Rand (Texas Civ. App.), 92 S. W., 266.

None of the assignments of error can be sustained, and the judgment is affirmed. ·

### ON MOTIONS FOR REHEARING.

There is no merit in the contention that the insolvency of the partnership gave the Federal Court jurisdiction over the State Court. The receiver was not appointed on account of the insolvency of the partnership, but by reason of disagreement among the partners. The authorities cited by the intervener are not in point under the facts of this case. In the case of *Re Watts,* 190 U. S., 1, the opinion turns upon the question of the insolvency of the trust company that had gone into the bankruptcy court, and rests upon the Federal Statute of 1903, which provides that acts of bankruptcy would exist if a person "being insolvent applied for a receiver or trustee for his property." The administration of the affairs of insolvents is placed in the hands of bankrupt courts exclusively, but the partnership was not an insolvent, not so alleged by anyone, not even the Federal receiver. This disposes of the motion for rehearing of the Federal receiver, and there is no merit in the motion of Southwell. The motions are overruled.

*Affirmed.*

Writ of error refused for want of jurisdiction.