### GOSSETT v. HENSLEY.

No. 12246.

Court of Civil Appeals of Texas. Dallas.
May 23, 1936.

Vaughan & Work, Ross M. Scott, and W. W. Johnson, all of Dallas, for appellant.

J. N. Townsend, of Dallas, and Harrington & Harrington, of Longview, for appellee.

LOONEY, Justice.

This appeal is from an order overruling a motion to vacate a receivership. The proceedings that resulted in the order appealed from, stated chronologically, are these: R. A. Gossett filed suit January 19, 1935, alleging, in substance, that he and J. C. Hensley as partners were joint owners of a producing oil well located on a plot of land in the Red-Bird addition to the town of Gladewater, Gregg county, Tex.; that Hensley had taken possession of the partnership properties and excluded appellant from any connection with or participation in the management of same, and was neglecting to pay the partnership debts; that said indebtedness can be paid from the business if properly conducted, but that an irreconcilable difference having arisen between appellant and Hensley, they discussed the propriety of having a receiver appointed to operate the properties under the orders of court, as no adjustment of said difference could be reached, and that W. L. Nix was agreed upon as a suitable person for appointment; wherefore, appellant prayed that a receiver, invested with suitable powers, be appointed, and for "such other and further relief as the facts may justify and the law may warrant," etc. On same day, Hensley filed an answer, admitting the material allegations of appellant's petition, and joined in the prayer for the appointment of a receiver. On January 21, 1935, the court entered an order appointing Nix receiver, and, subject to the future orders of the court, authorized him to take possession of the oil well and other partnership properties, collect debts, operate the oil well under the provisions of the statute, sell the products thereof, and deposit all funds in a solvent bank in the city of Dallas. Nix qualified, took charge of the properties, and operated same. Later, on May 30, 1935, R. M. Wood and W. W. Wood filed a lengthy amended petition of intervention, alleging, in substance, that they were interested in the subject-matter of the suit, in that R. M. Wood owned four-fifths and W. W. Wood owned one-fifth of the one-eighth royalty in the oil, gas, etc., produced from the land in question, and that they also owned oil payments against the property, R. M. Wood $15,300 and W. W. Wood $2,700, payable out of one-half of seven-eighths of the oil produced and marketed from the land, secured by a vendor's lien on the oil, gas, and the mineral leasehold estate (describing same). After referring to the appointment of Nix, as receiver, interveners alleged that he took possession not only of the properties belonging to the partnership, but also the interests owned by interveners, and excluded them from the right to receive their proportionate part of the proceeds derived from the sale of oil produced from said property; also alleged that the suit by appellant was a scheme by him, Hensley and Nix, to have the properties placed in the possession of Nix, as receiver, in order to divert the revenues derived from said properties to their own use and benefit; that Nix was not a proper party to act as receiver, being disqual-

ified, and that, since his appointment he and Hensley had seized possession of said properties, including the interests of interveners, and excluded them from participating in the proceeds derived from the oil produced, both royalty and oil payments; that large quantities of oil had been produced from the well, in excess of the amount allowed by statute and the rules of the Railroad Commission; wherefore, interveners prayed that the receivership be vacated, and the receiver discharged; but if denied this relief, they prayed, in the alternative, that Nix be removed as receiver, and that some other person be appointed; that interveners have an order directing such receiver to pay their claims from the proceeds derived from the sale of oil runs, "and that they have such other and further relief, general and special, in law and in equity, to which they may be justly entitled."

The record fails to disclose any order removing Nix as receiver, but this is necessarily implied from the order of court entered June 27, 1935, appointing A. A. Wilson receiver ad interim without bond; the order stating: "The court will notify him (Wilson) within the next few days as to whether he (the court) will dissolve this receivership, and (or) he will appoint a receiver to take charge of it." Next in order was a pleading filed September 16, 1935, by three creditors, calling themselves "amicus curiæ," but in legal effect interveners, claiming to own liens upon the properties, and asking for the appointment of a receiver, suggesting in this connection A. A. Wilson as a suitable appointee. On September 18, 1935, the court made the following order: "On this day came on to be heard the application that A. A. Wilson be appointed a permanent receiver, and the court after hearing the evidence and considering the same finds that the estate is entitled to a receiver, and the same is granted and A. A. Wilson is appointed receiver, and his bond fixed at $5,000.00, and upon said receiver giving bond and taking oath of office, said receiver will take immediate charge of the property as set forth in the application, and manage, control, rent, collect rents and do such other things as set forth in the order, as is necessary in the conduct of said business, until further orders of this court." Wilson qualified, took possession of the properties, and the order appointing him was not appealed from. On January 13, 1936, R. A. Gossett, plaintiff in the original proceedings, filed a pleading praying that the receivership be vacated, and that the suit be dismissed, on the ground that the court was without jurisdiction, in that the appointment of a receiver was the only thing sought, being simply an ancillary matter, and not an end within itself.

Interveners, R. M. and W. W. Wood, and the receiver answered the pleading to vacate, alleging, in substance, that appellant was estopped to question the validity of the receivership, because at his instance the court appointed Nix receiver; that subsequently the court removed Nix, at the instance of intervening creditors and claimants, appointed A. A. Wilson, who duly qualified and since said time has acted in such capacity; wherefore, prayed that the motion of appellant to dissolve the receivership be denied.

The sole contention of appellant, below and in this court, is that the trial court was without jurisdiction, in that appellant alleged no cause of action, seeking any relief other than the appointment of a receiver; the contention being that the appointment of a receiver is not an end within itself, but merely ancillary to an action seeking some other relief.

The motion of appellant to vacate, in effect, is a belated general demurrer to the petition, on which he induced the trial court to appoint Nix receiver. However, we think the petition contains the essential elements of an action for a partnership settlement and embraces matters clearly within the jurisdiction of the court. Appellant alleged the existence of a partnership between himself and Hensley, showed the existence of an irreconcilable controversy between them; that he had been excluded by his partner from any participation in the affairs of the partnership, consisting, among other things, of a producing oil well on a leasehold in lands situated in Gregg county, Tex.; alleged that debts against the partnership and properties were not being paid; and that, unless a receiver was appointed to operate the properties, creditors and partners alike would suffer great loss; wherefore, he prayed for the appointment of a receiver, and concluded with a prayer for general relief.

The courts and text-writers make a clear distinction between jurisdiction; that is, the authority to decide, and the deci-

sion itself; the authority to decide determining jurisdiction. This doctrine was announced by Judge Speer, in Texas Emp. Ins. Ass'n v. Ezell (Tex.Com.App.) 14 S. W.(2d) 1018, 1019, as follows: "There is a distinction between jurisdiction as such and the exercise of jurisdiction. Jurisdiction, broadly stated, means the power to hear and determine. Jurisdiction, therefore, includes the power to determine rightfully or wrongfully. It would not be logical to say that jurisdiction attached only where the decision was right. It can make no difference how erroneous the decision may be; if the court has jurisdiction of the parties and subject-matter, its determination of the controversy is not void, and it can make no difference that the error of decision is apparent from the face of the record. Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876; Evans v. McKay (Tex. Civ.App.) 212 S.W. 680; 33 C.J. Judgments, § 39."

Article 2293, subd. 1, R.C.S., provides for the appointment of receivers, "In an action * * * between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured." Also see cases where receivers were appointed on application of a partner, same as in the instant case. Rische v. Rische, 46 Tex.Civ.App. 23, 101 S.W. 849; Southwell v. Church, 51 Tex.Civ.App. 547, 111 S.W. 969; also, see, Stern v. Fenelon (Tex.Civ.App.) 24 S.W.(2d) 1111; United North & South Oil Co. v. Meredith (Tex. Com.App.) 272 S.W. 124.

Appellant's petition may have been subject to special exceptions, but that fact would not defeat the appointment, as jurisdiction to make the order did not depend upon the sufficiency of the petition. The court having jurisdiction of the parties and subject-matter, the fact that the cause of action was defectively stated would not oust the court of jurisdiction. See Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; Moore v. Perry, 13 Tex.Civ. App. 204, 35 S.W. 838; Permian Oil Co. v. Smith (Tex.Sup.) 73 S.W.(2d) 490, 501; Parker Bros. v. Fagan (C.C.A.) 68 F.(2d) 616; Hatcher v. Hendrie & Bolthoff Mfg. & Supply Co. (C.C.A.) 133 F. 267; Schubach v. McDonald, 179 Mo. 163, 78 S.W. 1020, 65 L.R.A. 136, 142, 101 Am. St.Rep. 452.

In answer to the motion to vacate, appellees alleged that, as appellant induced the court to appoint the receiver, he was estopped to attack the validity of the order. We sustain this contention. See Spence v. State Nat. Bank (Tex.Com. App.) 5 S.W.(2d) 754, 756 (authorities cited), where the court said: "To permit one to invoke the exercise of a jurisdiction within the general powers of a court and then to reverse its orders upon the ground that it had no jurisdiction would be to allow one to trifle with the courts. The principle is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even validity of an act procured by one himself cannot be raised—not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of, but merely closes the mouth of the complainant." Also, see Texas Emp. Ins. Ass'n v. Ezell (Tex.Com.App.) 14 S.W. (2d) 1018.

Finally, as the validity of the order appointing Wilson receiver at the instance of intervening lien creditors and parties owning royalty interests in the leasehold estate has not been challenged, even if it be conceded that the court below was without jurisdiction to make the original appointment, that fact would not, in our opinion, affect the later order appointing Wilson, which was neither appealed from nor objected to for any reason.

The trial court, in our opinion, did not err in overruling the motion to vacate, hence its action is affirmed.

Affirmed.