**SOUTHWESTERN BELL TELEPHONE COMPANY, Petitioner,**

v.

**PUBLIC UTILITY COMMISSION OF TEXAS et al., Respondents.**

No. C–377.

Supreme Court of Texas.

July 22, 1981.

Rehearing Denied Oct. 28, 1981.

Ford W. Hall, Jone Dee Lawrence, Joyce Beasley and Larence G. Crahan, Dallas, Graves, Dougherty, Hearon, Moody & Garwood, Robert J. Hearon, Jr. and Glenn E. Johnson, Austin, for petitioner.

Martha V. Terry, Don R. Butler, Austin, McGinnis, Lochridge & Kilgore, Brook Bennett Brown, Austin, Besing & Armstrong, Ray Besing, Dallas, for respondents.

PER CURIAM.

This is an appeal from the denial of a temporary injunction in a rate case. The court of civil appeals affirmed the denial of the temporary injunction. 615 S.W.2d 947.

The court of civil appeals correctly held that the applicant for a temporary injunction in a rate case must demonstrate: (1) that there is a reasonable probability that the utility will succeed on the merits of its claim, after final hearing; (2) that the loss to the utility will be irreparable; and (3) that the utility's customers will be adequately protected by bond during the period of time the Commission's order is suspended. *Southwestern Bell Telephone Co. v. Public Utility Commission,* 571 S.W.2d 503, 506 (Tex.1978); *City of Houston v. Southwestern Bell Telephone Co.,* 263 S.W.2d 169 (Tex.Civ.App.—Galveston 1953, writ ref'd). The purpose of the temporary injunction in rate cases is to protect the utility against confiscatory rates established by a regula-

tory authority pending appeal; thus maintenance of the status quo is not an issue in rate cases as it is in other temporary injunction cases. *General Telephone Co. v. City of Wellington*, 156 Tex. 238, 294 S.W.2d 385 (1956); *see Big Three Industries, Inc. v. Railroad Commission*, 618 S.W.2d 543 (Tex. 1981); *Davis v. Huey*, 571 S.W.2d 859 (Tex. 1978); *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953).

The court of civil appeals held that Southwestern Bell could not demonstrate irreparable harm because the rates could be adjusted retroactively if later determined to be confiscatory. We expressly reserve the question of the Commission's ability to retroactively adjust rates under the Public Utility Regulatory Act, Texas Civil Statutes Annotated article 1446c, and the Administrative Procedures Act, Texas Civil Statutes Annotated article 6252–13a.

We agree that the trial court did not abuse its discretion in denying the temporary injunction. The applications for writ of error are refused, no reversible error.