**H. TEBBS, INC., doing business as Brooks Distributing Company and Coors Distributing Company, Appellants,**

v.

**SILVER EAGLE DISTRIBUTORS, INC., et al., Appellees.**

No. 3–88–217–CV.

Court of Appeals of Texas, Austin.

June 13, 1990.

E. Eugene Palmer, Austin, for appellants.

William R. Burke, Jr., Pam Nielson, Baker & Botts, Austin, for appellees.

Before POWERS, GAMMAGE and JONES, JJ.

GAMMAGE, Justice.

H. Tebbs, Inc. and Coors Distributing Company ("Tebbs/Coors") appeal from an agreed order of the district court entered into by the Alcoholic Beverage Commission ("Commission") and Silver Eagle Distributors, Inc. ("Silver Eagle"). The agreed order enjoins W.S. McBeath, Commission administrator, from holding hearings and al-

lowing further discovery in proceedings before the Commission concerning the contested renewal of licenses and permits of Southwest Distributing Co., Inc. ("Southwest"), corporate predecessor in interest to Silver Eagle. We will reverse the district court's judgment and remand the cause to the district court with instructions to dissolve the injunction and dismiss the cause.

Tebbs/Coors bring three points of error, arguing that the district court erred: (1) in striking their petition in intervention, (2) in enjoining a pending administrative proceeding before Silver Eagle had exhausted its administrative remedies, and (3) in enjoining the Commission from correcting a violation of its own rules.

### THE ADMINISTRATIVE PROCEEDINGS

In August 1987, the Commission initiated a contested case proceeding involving Southwest's licenses and permits. Notices of hearing were issued, and Tebbs/Coors filed petitions in intervention which were granted. Before the hearing, the Commission and Southwest entered into an agreed order ("Commission's agreed order"), under which Southwest restructured itself into Silver Eagle and the Commission issued new licenses and permits to Silver Eagle. Tebbs/Coors filed a motion for rehearing which was granted.

### THE DISTRICT COURT PROCEEDINGS

Silver Eagle then sought a declaration of its rights in the district court under the Alcoholic Beverage Code, Tex.Alco.Bev. Code Ann. (1978 & Supp.1990); the Administrative Procedure and Texas Register Act ("APTRA"), Tex.Rev.Civ.Stat.Ann. art.

6252–13a (Supp.1990); and the Commission's agreed order and sought temporary and permanent injunctions to enjoin further proceedings before the Commission. Tebbs/Coors filed a petition in intervention in the district court. After hearing, the district court struck the petition in intervention and granted the temporary injunction. The court subsequently signed an agreed order ("court's agreed order"), dissolving the temporary injunction and permanently enjoining McBeath from holding hearings and from allowing discovery, based on the court's conclusion that "the Commission acted within its authority in entering its April 28, 1988, Agreed Order with Silver Eagle, and lacked the authority to hold a rehearing." It is from the court's agreed order that Tebbs/Coors appeal.

### SILVER EAGLE'S CROSS–POINTS

We will first address Silver Eagle's cross-points, some of which relate to the jurisdiction of this Court. Whether these points are properly denominated "cross-points" or "contentions," as they are termed in Silver Eagle's brief, they are properly before this Court in the absence of perfection of an independent appeal by Silver Eagle because all four points relate to defense of the trial court's order or bear upon matters presented in the appeal, *Donwerth v. Preston II Chrysler–Dodge, Inc.*, 775 S.W.2d 634, 641 (Tex.1989) (Ray, J., concurring).[1]

Silver Eagle's four cross-points are: (1) Tebbs/Coors lack standing to appeal any aspect of the court's agreed order, (2) Tebbs/Coors present arguments and evidence outside the permissible scope of this Court's appellate review of the permanent

---

1. We note the Supreme Court in *Donwerth* disapproved "the broad-sweeping interpretation the lower courts have sometimes given these phrases, ... 'affect the interest of the appellant' or 'bear upon matters presented by the appeal' " in limiting the appellee's right to assert cross-points; *Donwerth*, 775 S.W.2d at 641, and reaffirmed a broader rule to be applied, as here, in the absence of appellant's limitation of appeal under Tex.R.App.P.Ann. 40(a)(4) (Supp.1989). That broader rule provides: "Unless an appellant limits his appeal pursuant to Texas Rule of Appellate Procedure 40(a)(4), an appellee may complain by cross-point in his brief in the court of appeals, without perfecting an independent appeal, of any error in the trial court as between appellant and appellee." *Id.* at 639. Because Silver Eagle is not complaining of a trial court error, we believe the proper basis for its right to bring such cross-points is the "long-standing principle of appellate law that is unaffected by rule 40(a)(4) [that the appellee may bring cross-points which affect the *interest of the appellant* or bear upon matters presented by the appeal]." *Id.* at 641.

injunction, (3) entry of the final agreed judgment mooted the points of error and relief requested by Tebbs/Coors, and (4) Tebbs/Coors have failed to prove any reversible error.

## THE COURT'S AGREED ORDER

Central to all cross-points is Silver Eagle's contention that the court's agreed order constituted an agreed judgment and is therefore not subject to attack absent an allegation of fraud or mistake. Tebbs/Coors argue the court's agreed order is a nullity without the consent of all parties if the trial court erred in striking their petition in intervention.

■ While it is true that an agreed judgment is not subject to attack absent an allegation of fraud or mistake, *Hill v. Hill,* 599 S.W.2d 691 (Tex.Civ.App.1980, no writ), it is also generally true that an agreed judgment can be rendered only if *all* parties agree. *Hensley v. Salinas,* 583 S.W.2d 617 (Tex.1979). Silver Eagle argues that even if the district court had permitted intervention by Tebbs/Coors, the intervention would not affect the validity of this agreed order.

The validity of judgments made on the basis of agreements between *some* of the parties without the consent of intervenors was addressed by the United States Supreme Court in *Firefighters v. Cleveland,* 478 U.S. 501, 528–529, 106 S.Ct. 3063, 3078–3079, 92 L.Ed.2d 405 (1986):

It has never been supposed that one party—whether an original party, a party that was joined later, or an intervenor—could preclude other parties from settling their own disputes and thereby withdrawing from litigation.... *Of course, parties who choose to resolve litigation through settlement may not dispose of the claims of a third party, and a fortiori may not impose duties or obligations on a third party, without that party's agreement. A court's approval of a consent decree between some of the parties therefore cannot dispose of the valid claims of nonconsenting intervenors.*

(Emphasis added.) *See also Travelers Insurance Co. v. Williams,* 603 S.W.2d 258 (Tex.Civ.App.1980, no writ) (treating intervenors as parties whose consent was necessary to the agreed judgment).

The court's agreed order disposed of Tebbs/Coors' claim for a rehearing before the Commission by enjoining the Commission from holding further hearings and from allowing further discovery on the docketed case. As we explain below, in our discussion of Tebbs/Coors' first point of error, we conclude: (1) the district court erred in striking the petition in intervention and (2) Tebbs/Coors' claim for rehearing was valid. Consequently, the court's agreed order disposing of that claim must be reversed. Because Silver Eagle's first cross-point is based solely upon its contention that the court's agreed order is not subject to attack by Tebbs/Coors, it is overruled.

Silver Eagle's second cross-point is also overruled. Silver Eagle argues that, because Tebbs/Coors were not parties to the permanent injunction, their only possible basis for relief is that the district court erred in striking their petition in intervention. As previously stated, if the trial court erred in striking the petition in intervention, the court's agreed order could not dispose of Tebbs/Coors' valid claims without their consent. *Firefighters,* 478 U.S. at 528–529, 106 S.Ct. at 3078–3079.

Silver Eagle further argues that Tebbs/Coors' other points of error are improperly directed to the district court's issuance of the temporary injunction rather than the final agreed order. We disagree. By points of error two and three, Tebbs/Coors argue the district court erred in enjoining a pending administrative proceeding before Silver Eagle had exhausted its administrative remedies and in enjoining the Commission from correcting a violation of its own rules. Both of these points relate to the district court's final order permanently enjoining the Commission from holding hearings and from allowing discovery to proceed.

We also overrule the third cross-point in which Silver Eagle argues that

Tebbs/Coors' points of error and relief requested have been mooted by entry of the court's final agreed judgment. We have already addressed that part of Silver Eagle's mootness argument relating to an agreed judgment being immune from attack.

Silver Eagle further argues, however, that because Southwest withdrew its application for renewal licenses and permits by virtue of the settlement agreement reached with the Commission, the issues on which Tebbs/Coors requested a rehearing were moot. We find this argument without merit because Southwest's surrender of its prior licenses and permits and the Commission's issuance of Silver Eagle's new licenses and permits occurred only as a result of the Commission's agreed order, the validity of which was challenged in, and was the basis for, the motion for rehearing granted by the Commission. The new licenses and permits resulting from the Commission's agreed order are no barrier to our review of the court's order enjoining the Commission from rehearing the contested case from which those same licenses and permits resulted.

For the reasons stated below, we also overrule Silver Eagle's fourth cross-point of error.

### TEBBS/COORS' POINTS OF ERROR
### INTERVENTION

We now address Tebbs/Coors' points of error. In their first point of error, Tebbs/Coors argue the district court erred in striking their petition in intervention. The rule regarding right of intervention is:

> The intervenor's interest must be such that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover in his own name to the extent at least of a part of the relief sought; or, if the action had first been brought against him as the defendant, he would have been able to defeat the recovery, in part at least. His interest may be either legal or equitable.

*King v. Olds*, 71 Tex. 729, 12 S.W. 65, 65–66 (Tex.1888); *University Sav. v. Inter-continental Consol.*, 751 S.W.2d 657 (Tex. App.1988, no writ).

■ A trial court has broad discretion in determining whether an intervention should be stricken. Its exercise, however, is subject to review for abuse of discretion. It is an abuse of discretion to strike an intervention "if the intervenor meets the test stated above, [the] intervention will not greatly complicate the case by the excessive multiplication of issues, and to effectively protect the intervenor's interest intervention is almost essential." *Inter-Continental Corp. v. Moody*, 411 S.W.2d 578, 589 (Tex.Civ.App.1966, writ ref'd n.r. e.).

The petition's sufficiency is tested "by its allegations of fact on which the right to intervene depends." *Mulcahy v. Houston Steel Drum Co.*, 402 S.W.2d 817 (Tex.Civ. App.1966, no writ). Tebbs/Coors' petition incorporated by reference its motion for rehearing filed with the Commission. In that motion, Tebbs/Coors allege (1) the Commission erred in entering its agreed order because the agreed order and agreed findings of fact are invalid under several provisions of APTRA, the Alcoholic Beverage Code, and the Texas Administrative Code ("TAC") (16 Tex.Admin.Code §§ 31.1 —37.45 (West, Oct. 19, 1988)); (2) "the Administrator and the County Judges ... have had a fraud perpetrated upon them which culminated in the action expressed in the Order"; and (3) Tebbs/Coors were deprived of due process of law under the Texas and United States Constitutions.

Because Silver Eagle sued in district court to enjoin the Commission from conducting the rehearing granted by the Commission, it is necessary to first determine what right, if any, Tebbs/Coors had to such a rehearing before their right to intervention in district court can be determined.

### LAW GOVERNING THE
### ADMINISTRATIVE
### PROCEEDINGS

The court's agreed order states that the permanent injunction was granted based on the trial court's conclusion that the Commission acted within its authority in enter-

ing its agreed order and acted outside its authority in granting a rehearing. Under the governing statutes we conclude, to the contrary, that the Commission acted in excess of its authority in entering its agreed order and acted within its authority in granting the motion for a rehearing.

Tebbs/Coors argue the Commission's agreed order is invalid on the grounds that (1) no hearing was held as required under APTRA § 13(a) and 16 TAC § 37.45(b) and, (2) all parties did not agree to and sign the order as required under APTRA § 13(e) and 16 TAC § 37.6. Although we believe no hearing was statutorily required, we conclude the agreement is invalid, absent Tebbs/Coors' consent.

■ Although APTRA generally provides for uniform practice and procedure for state agencies, § 18(a) provides that "[w]hen the grant, denial, or renewal of a license is required to be preceded by notice and opportunity for hearing, the provisions of this Act concerning contested cases apply." We read this as requiring compliance with the contested case provisions of APTRA §§ 13–19 only if some other law, statute, or rule requires that agency licensing action be preceded by notice and opportunity for hearing. *See* McCalla, "The Administrative Procedure and Texas Register Act," 28 Baylor L.Rev. 445, 460 (1976).

The Alcoholic Beverage Code governs exclusively "the manufacture, sale, distribution, transportation, and possession of alcoholic beverages," Alcoholic Beverage Code, § 1.06. Under § 11.46, "[t]he commission or administrator may refuse to issue an original or renewal permit with or without a hearing...." Consequently, Tebbs/Coors had no absolute right to a hearing under either the Alcoholic Beverage Code or APTRA. Provisions of the Alcoholic Beverage Code or TAC relating to hearings are relevant only if the Commission or administrator holds hearings. In this case, the Commission had issued notices of hearing; Tebbs/Coors had filed petitions in intervention; Southwest had filed a motion to strike intervention; the Commission had granted the petitions in intervention; both sides had filed trial briefs; and Tebbs/Coors had filed a request for discovery when the Commission and Southwest entered into their agreed order without the participation of Tebbs/Coors.

Section 5.31 of the Alcoholic Beverage Code authorizes the Commission to "prescribe and publish rules necessary to carry out the provisions of this code." Such rules appear at 16 TAC §§ 31.1—37.45. Under § 37.6:

No stipulation or agreement between the parties, their attorneys, or representatives, with regard to any matter involved in any contested case shall be enforced unless it shall have been reduced to writing and *signed by the parties* or their authorized representatives, or unless it shall have been dictated into the record by them during the course of a hearing, or incorporated in an order bearing their written approval. This section does not limit a party's ability to waive, modify or stipulate any right or privilege afforded by these rules, unless precluded by law. No stipulation or agreement shall be enforced unless signed by the attorney of record, if any, for each party to the stipulation or agreement.

(Emphasis added.)

Section 37.1 defines "party" as "[t]he agency or a person who has appeared in a contested case or has filed timely notice of interest to appear, and who has not been dismissed or excluded by the administrator or hearing officer." "Person" is defined as "[a]ny individual, partnership, corporation, association, governmental subdivision, or public or private organization of any character other than the agency." *Id.*

Tebbs/Coors "filed timely notice of interest to appear" by filing petitions in intervention. They were not "dismissed or excluded by the administrator or hearing officer"—the hearing examiner granted the petitions in intervention over Silver Eagle's motion to strike the petitions. In its order granting Tebbs/Coors' motion for rehearing, the Commission stated: "Under the Rules of this Commission and the provisions of the Administrative Procedure and Texas Register Act it is my determination

that the Intervenors are 'parties' as that word is defined in the Administrative Procedure and Texas Register Act."

■ The Commission specifically found Tebbs/Coors to be parties under 16 TAC § 37.10 which states: "Any Party in interest may appear in any proceeding before the agency...." Nevertheless, negotiations occurred between the Commission and Silver Eagle from which Tebbs/Coors were excluded.

Silver Eagle and the Commission then entered into their agreed order without the agreement and signature of Tebbs/Coors, parties under 16 TAC § 37.1. Accordingly, under 16 TAC § 37.6, "the agreement shall not be enforced."

The district court concluded the Commission did not have the authority to grant a rehearing after the entry of the agreed order. The TAC, however, prescribes the number of days after the date of rendition of a final decision or order within which a motion for rehearing must be filed as well as the number of days within which the administrator must act on the motion. 16 TAC § 37.44. Clearly, the Commission acted within its authority in granting the timely motion for rehearing.

■ In light of Tebbs/Coors' "party" status, negotiations between the Commission and Silver Eagle from which Tebbs/Coors were excluded, the entry of an agreed order between the Commission and Silver Eagle without Tebbs/Coors' consent, and the Commission's granting of Tebbs/Coors' motion for rehearing, we conclude that, absent the Commission's granting the rehearing, Tebbs/Coors could have sought, in their own right, injunctive relief to challenge the Commission's action in excess of its authority. This right provides the basis for Tebbs/Coors' intervention in the trial court. *King,* 12 S.W. at 65–66.

This case was not brought to district court as a judicial review of an agency action; rather, Silver Eagle went to district court seeking an injunction to restrain the Commission from further administrative proceedings instead of waiting for those proceedings to become final and then seeking judicial review of the final administrative decision. Silver Eagle purportedly did so under the exception to the exhaustion of administrative remedies doctrine that applies when an agency acts in excess of its statutory authority. *P.U.C. of Texas v. Pedernales Elec. Co–Op.,* 678 S.W.2d 214, 219–220 (Tex.App.1984, writ ref'd n.r.e.). Tebbs/Coors' right to intervention in such a case is established under the *King* test discussed above.

### ABUSE OF DISCRETION

■ The question remains whether the district court abused its discretion in striking Tebbs/Coors' petition in intervention. Intervention would bring no new issues before the district court; the very issue disposed of in the court's order was Tebbs/Coors' right to the rehearing granted by the Commission. Tebbs/Coors' intervention was necessary to protect their interest in that right. Striking the petition in intervention was an abuse of the trial court's discretion. *Inter–Continental Corp.,* 411 S.W.2d at 589. Tebbs/Coors' first point of error is sustained.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

In their second point of error, Tebbs/Coors argue the district court erred in enjoining a pending administrative proceeding before Silver Eagle exhausted its administrative remedies. Silver Eagle's argument that the Commission's unauthorized action in granting the motion for rehearing invoked an exception to the exhaustion requirement is without merit in light of our determination that the Commission acted within its authority. In the absence of such an exception, Silver Eagle is required to exhaust its administrative remedies before invoking judicial intervention in an on-going administrative proceeding. *Texas State Bd. of Examiners in Optometry v. Carp,* 162 Tex. 1, 343 S.W.2d 242 (1961). Point of error two is sustained.

### THE COMMISSION'S CORRECTION OF ITS ERRORS

Tebbs/Coors' third point of error, that the district court erred in enjoining the

Commission from correcting a violation of its own rules, is sustained for the reasons stated above. The judgment of the district court is reversed, and the cause is remanded to that court with instructions to dissolve the permanent injunction and dismiss the cause.

JONES, Justice, concurring.

I agree with the result reached and, by and large, with the holdings in Justice Gammage's opinion. I disagree, however, that the validity of the Commission's agreed order is the controlling issue. Rather, I believe the central issue is the right of the Commission to grant a rehearing, and the reviewability of that action. Within the appropriate time for such action, the decision to grant a rehearing is committed to the sound discretion of the Commission. · *See Texas State Bd. of Dental Examiners v. Silagi,* 766 S.W.2d 280, 285 (Tex.App.1989, writ denied); *cf. City of San Antonio v. Texas Dep't of Health,* 738 S.W.2d 52 (Tex.App.1987, writ denied). The exercise of that right, much like the granting of a new trial by a district court, should be reversible only on a showing of a manifest abuse of discretion. *See Allied Rent–All, Inc. v. International Rental Ins.,* 764 S.W.2d 11, 13 (Tex.App.1988, no writ). No such showing was made in the present case.

The exception to the doctrine of exhaustion of administrative remedies on which Silver Eagle relied in the district court was that the Commission, by granting a rehearing, was exceeding its statutory authority and therefore acting without jurisdiction. The basis for my disagreement with this exceeding-statutory-authority argument is concisely stated in the brief of · Tebbs/Coors: "A settlement agreement entered into by an administrative agency is no more immune from reconsideration pursuant to a timely motion [or, I would add, on the agency's own initiative] than is any other administrative order." Moreover, the authority to conduct such timely reconsideration cannot logically depend on the invalidity of the action being reconsidered. Accordingly, the validity of the Commission's agreed order is immaterial to the

outcome of this appeal, and I take no position on that question. I concur, however, that Silver Eagle was not excused from exhausting its administrative remedies, and therefore the trial court acquired no jurisdiction.

POWERS, Justice, dissenting.

I dissent.

The two other opinions concur on only one ground in reaching their judgment: that the district court lacked jurisdiction to issue its permanent injunction because Silver Eagle Distributors, Inc., the plaintiff, failed to exhaust its administrative remedies before bringing suit for such relief.

In view of the very narrow basis for the majority's judgment, I will limit my remarks accordingly. I shall even assume the correctness of their theory that the district court lacked subject-matter jurisdiction for the reason stated. I do not agree with that theory, but assuming its validity permits me to state simply the controlling issue: assuming the district-court order to be voidable, for the reason given, may we hold it void *in an appeal by Tebbs,* the sole appellant here? I would hold the district court properly denied Tebbs's intervention and, in consequence, Tebbs lacks standing to assail that court's order on appeal.

THE AGENCY PROCEEDING

Southwestern Distributing Company held certain licenses and permits, issued by the Alcoholic Beverage Commission, authorizing Southwestern to conduct business as a beer distributor in an area near Houston. At a proper time, Southwestern applied to the Commission for renewal of its licenses and permits. Questioning the lawfulness of Southwestern's capital-stock ownership structure, the Commission set the renewal applications as a "contested case" under the Texas Administrative Procedure and Texas Register Act (APTRA), Tex.Rev.Civ. Stat.Ann. art. 6252–13a, § 3(2)–(4), § 18 (Supp.1990). By virtue of these statutory provisions, "the legal rights, duties, or privileges" evidenced by Southwestern's licenses and permits were in issue; conversely,

"the legal rights, duties, or privileges" of no other person were in issue. APTRA § 3(2).

In the course of the agency proceeding, the Commission allowed Tebbs, Inc. to intervene in opposition to the renewal of Southwestern's licenses and permits. Tebbs sells competing brands of beer in the same geographical area as that covered by Southwestern's licenses and permits. By its intervention, Tebbs became a "party" in the contested case, but its own licenses and permits were not in issue. APTRA § 3(5).

Before reaching the stage of an "adjudicative hearing," the Commission made an agreement with Southwestern to settle the controversy without a formal adjudication. Under the agreement, Silver Eagle Distributors, Inc., a new corporation, was formed with a capital-stock structure satisfactory to the Commission, and succeeded to Southwestern's business, including its claim for renewal of its licenses and permits. Silver Eagle became a party to the agreement as well. As part of the agreed settlement of the controversy, the Commission issued a final order disposing of the case by issuing the renewal permits and licenses to Silver Eagle. The terms of APTRA § 13(e) specifically authorize the "informal disposition" of a "contested case by stipulation, *agreed settlement*, consent order, or default." (Emphasis added.)

Tebbs did not consent to the informal disposition of the contested case. On learning of the agreed order, Tebbs moved for rehearing on various grounds, contending among other things that the order was invalid because it lacked Tebbs's agreement. The Commission granted the motion for rehearing, then scheduled the case for a formal adjudicative hearing. Silver Eagle thereupon sued the Commission in district court, in the present cause, to enjoin permanently the Commission's abrogating the agreement after its consummation.

## THE LAWSUIT IN DISTRICT COURT

Silver Eagle and the Commission eventually agreed to the issuance of the permanent injunction by the district court. Before this was done, however, Tebbs filed in the lawsuit a petition in intervention. In that petition, Tebbs alleged two theories upon which Tebbs claimed an interest in the controversy: (1) Tebbs's status as a "party" in the contested case in the agency; and (2) Tebbs's status as a business competitor of Silver Eagle, in which interest Tebbs was "adversely affected by [Silver Eagle's] operations under licenses and permits to which it is not lawfully entitled."

Silver Eagle moved the district court to strike Tebbs's intervention on the ground that neither of the two asserted interests amounted to an interest sufficient for Tebbs to invoke the jurisdiction of the district court. Finding that to be true, the district court ordered that Tebbs's petition in intervention be stricken. *See* 1 R. McDonald, *Texas Civil Practice in District and County Courts* § 3.47, at 314 (rev. 1981). From that ruling, Tebbs appealed after the district court issued its permanent injunction with the agreement of the Commission and Silver Eagle. The result of the district-court injunction is, of course, to revive the Commission's agreed order issuing the licenses and permits to Silver Eagle. Neither Silver Eagle nor the Commission has appealed to this Court.

## THE APPEAL TO THIS COURT

Tebbs and Silver Eagle join issue in this Court on the issue made by Silver Eagle's motion to dismiss the appeal: whether Tebbs lacks "standing," or a personal interest in the controversy between Silver Eagle and the Commission, sufficient to invoke the judicial power of this Court. Silver Eagle contends Tebbs lacks standing in this Court, just as it did in district court where the lack of standing resulted in the striking of Tebbs's petition in intervention.

Tebbs was not, of course, a party in the district-court lawsuit and the judgment rendered therein. Only a *party* may appeal to contend the district-court injunction is erroneous or voidable and therefore should be reversed. But no *party* has appealed. Tebbs was entitled to appeal on the point that the district court erred in striking Tebbs's intervention, but Tebbs cannot assign error in the injunction order itself, or

obtain its reversal for any reason, if Tebbs had no personal interest in the subject matter of the litigation or its petition in intervention was properly stricken for another reason. *Gibson v. Richter*, 97 S.W.2d 351 (Tex.Civ.App.1936, no writ); *Southwell v. Church*, 51 Tex.Civ.App. 547, 111 S.W. 969 (1908, writ dism'd).

The question of Tebbs's standing is squarely raised by Silver Eagle's motion to dismiss the appeal. One of the other opinions omits entirely to mention the issue; the other opinion declares, almost as an aside, that Tebbs's status *as a party in the agency proceeding* gave Tebbs standing to sue in district court, citing *King v. Olds*, 71 Tex. 729, 12 S.W. 65 (1888) (intervention by purchaser under trustee's sale, in trespass-to-try title action brought by one who purchased at sheriff's sale, properly demurrable where former purchaser failed to show that latter purchaser had notice of lien foreclosed by trustee's sale). The cited opinion is obviously not applicable in the present case. It is settled law, moreover, that one's status as a party in an administrative proceeding does *not*, by virtue of that fact alone, confer upon him standing to sue in district court to reverse an agency action taken in that administrative proceeding.

## THE ISSUE OF STANDING

It is fundamental that the separation-of-powers doctrine forbids *any* court to entertain complaints regarding the actions taken by an administrative agency except in two instances only: (1) where the power of review lies within the constitutional power given the courts in Article V of the Constitution of the State of Texas; and (2) where the legislature has, in a valid statute, authorized a party to invoke the judicial power of Article V in the form of a statutory cause of action brought to decide whether the agency action conformed to the statute under which it was purportedly taken. The first may properly be termed "constitutional judicial review," the latter "statutory judicial review."

To invoke the power of constitutional judicial review, the complainant must allege and show that the agency action violates *his* constitutional right or adversely affects *his* vested property right. *Stone v. Texas Liquor Control Bd.*, 417 S.W.2d 385 (Tex.1967); *City of Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788 (1951). Tebbs has not attempted to plead or show a violation of any constitutionally protected interest of that character. As a matter of law, no such interest of Tebbs's is affected in this case because the record shows that only Silver Eagle's licenses and permits are in issue, and the regulatory statute does not authorize the Commission to regulate directly the business competition engaged in by its licensees and permittees.

While the Alcoholic Beverage Code authorizes the Commission to refuse renewal or issuance of a license or permit on any one of 17 specific grounds, none of them purport to authorize such action on a ground that involves the regulation of any competitive aspects of the commerce conducted under the Commission's licenses and permits, as some regulatory statutes do. Tex.Alco.Bev.Code Ann. § 11.46 (Supp. 1990); *c.f.* Texas Motor Carrier Act, Tex. Rev.Civ.Stat.Ann. art. 911b, §§ 4, 5 (1964 & Supp.1990). Put quite simply, even the agency's license-suspension proceedings do not put at risk an interest that comes within the doctrine of constitutional judicial review; consequently the license holder may not obtain from district court an injunction that restrains such a proceeding in the agency. *Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891 (Tex.1970). As a matter of law, Tebbs's petition in intervention did not come within the doctrine of constitutional judicial review.

To invoke the power of statutory judicial review, the complainant must bring his claim within the terms of the statute that creates the right and power of judicial review. *City of Strawn v. Board of Water Engineers*, 134 S.W.2d 397, 398 (Tex.Civ. App.1939, writ ref'd). Tebbs concedes in its brief that the right and power of statutory judicial review exist *only* with respect to the Commission's action *denying* an application for a permit or license, or their

renewal. Tex.Alco.Bev.Code Ann. §§ 11.-67, 61.81 (1978 & Supp.1990). Because an interest under a license or permit is not a vested property right, however, the Legislature was not obliged to provide for judicial review even in the case of such denials. *Canyon Creek Land Corp.*, 456 S.W.2d at 895. It is undisputed in the present case that the Commission has not *denied* any application for a permit or license, or their renewal; consequently, the doctrine of statutory judicial review is not applicable in the case as a matter of law.

Tebbs contends purely and simply that its status as a *party* in the administrative proceeding, which status Tebbs acquired when allowed to intervene in that proceeding, is a sufficient interest *in and of itself* to require the district court to entertain and determine Tebbs's complaints regarding the Commission's actions. Under Tebbs's theory, its party status *alone* gave it a *right*, enforceable in *court*, to have the agency proceeding brought to a regular and proper termination under the applicable statutes and Commission rules. Apparently, Tebbs views this theory as an exception to the general rule stated above that a court has no power to review agency proceedings except on the complaint of one who brings his claim within the doctrines of constitutional and statutory judicial review set out above. One of the other opinions in this appeal expressly adopts Tebbs's theory; the other does so by necessary implication. The theory is legally untenable.

Tebbs's view of such an "exception" renders absolutely meaningless the two constitutional doctrines, both of which are designed to maintain the required separation of government powers under the Constitution of the State of Texas. They are designed, that is to say, to preserve the autonomy and powers of the various organs in the executive, judicial, and legislative departments. If *any* person may have judicial review simply because he was admitted as a party to an executive-department proceeding, irrespective of whether he has any other interest in the controversy, then there can be no such doctrines as the two longstanding doctrines I have described.

It is sufficient, however, merely to point out that Tebbs's theory was expressly rejected in *Stone*, 417 S.W.2d at 386. There, an individual intervened in a Commission proceeding under authority of a statute giving him the right to do so, provided he furnished security for costs. This statutory *right* to intervene gave him a status superior to that occupied by Tebbs whose intervention in the Commission proceeding was not by virtue of a right of any kind, but simply for the purpose of furthering the public interest by securing additional viewpoints or perhaps additional evidence to assist in the Commission's adjudication of the controversy between Silver Eagle and Southwestern, on the one hand, and the State on the other. *See Southwestern Bell Tel. Co. v. Public Util. Comm'n*, 615 S.W.2d 947 (Tex.Civ.App.), writ ref'd n.r.e., 622 S.W.2d 82 (Tex.1981); 1 F. Cooper, *State Administrative Law* 325–328 (1965).

The intervenor in *Stone* opposed the issuance of a license to the applicant. After the administrative proceeding was determined in favor of granting the license, the intervenor sued for judicial review of the resulting agency order, making precisely Tebbs's argument "that the statutory authorization to participate in the [administrative] hearing ... carries with it the right of appeal to the courts." 417 S.W.2d at 386. The court rejected this theory explicitly, stating that the Alcoholic Beverage Code did not give a statutory right to judicial review to *anyone* in cases where licenses were *granted;* and "[t]he case is thus governed by the general rule mentioned above," which was "that there is no right of appeal from an administrative order unless the statute provides for the same or unless the order violates a constitutional right or adversely affects a vested property right." 417 S.W.2d at 385–86. The court's holding is not remarkable; the rule it applies is well-settled and uniform.[1]

---

1. *See, e.g., Sprunt & Son, Inc. v. United States,* 281 U.S. 249, 255, 50 S.Ct. 315, 317–18, 74 L.Ed. 832 (1930) (the economic advantage enjoyed by shippers under existing rates charged by rail carriers justified the shippers' intervention in an agency proceeding to change such rates, "[b]ut

## THE MEANING OF THE TERM "JUDICIAL REVIEW"

In an apparent reply to my dissenting on the basis of the familiar doctrines of constitutional and statutory "judicial review," one of the other opinions has added the following:

This case was not brought to district court as a judicial review of agency action; rather, Silver Eagle went to district court seeking an injunction to restrain the Commission from further administrative proceedings instead of waiting for those proceedings to become final and then seeking judicial review of the final administrative proceedings.

The quotation indicates quite clearly that my understanding of the term "judicial review" is not shared by all the panel giving judgment in this appeal. This is, of course, quite unusual. Appeals proceed ordinarily under an assumed and agreed understanding that the applicable usages, terms, and expressions mean the same thing to all participants. Because that is not true respecting the term "judicial review," and because the difference is apparently the only reason for rejecting my reliance upon the doctrines of constitutional and statutory "judicial review," I must encumber this opinion by an explanation of my understanding of that term.

The term "judicial review" refers basically to the action of a court, an organ in the judicial department of government, when the court inquires into and possibly corrects the actions taken by a body or official in the legislative or executive departments. The separation-of-powers requirement of a constitutional instrument may or may not permit such action by the court, depending on the case. "The term 'judicial review' is commonly used to describe all forms of judicial scrutiny." L. Jaffe, *Judicial Control of Administrative Action*, at 153 (1965).

In one context, the term "judicial review" refers, of course, to a court's examining and determining the constitutionality of legislative enactments. *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803) (federal statutes); *Ware v. Hylton*, 3 U.S. (Dall.) 199, 1 L.Ed. 568 (1796) (state statutes). In the present context, the term "judicial review" refers to a court's examining and determining whether the actions taken by an administrative agency, in the executive department of State government, comply with the constitutional, statutory, and rule-based provisions that governed the agency's actions.

The *cause of action* in which a litigant requests "judicial review" and the *timing* of his action have nothing to do with the meaning of the expression, although they may have everything to do with whether "judicial review" is statutorily or constitutionally available to the litigant, just as his *interest* may bear on such availability. The quotation given above states the contrary—that this cannot be a case of "judicial review" because (1) Silver Eagle sued in district court for injunctive relief and (2) Silver Eagle sued before a final decision was reached in the Commission. This theory is offered as being self-validating; it is, however, quite novel.

"Judicial review" of the actions taken by government officials has always been available through application for such common-law writs as writs of *injunction, mandamus,* or *certiorari. See, e.g., Westheimer Indep. School Dist. v. Brockett,* 567 S.W.2d 780 (1978); *Chemical Bank &*

that interest alone did not give them the right to maintain an independent suit" in court to challenge the agency order because "[s]uch a suit can be brought by a shipper only where a right of his own is alleged to have been violated by the order [and] his independent right to relief is no greater where by intervention or otherwise he has become a party to the proceeding before the Commission or to a suit brought by a carrier."); *Pittsburg & West Virginia Ry. Co. v. United States,* 281 U.S. 479, 486, 50 S.Ct. 378, 380, 74 L.Ed. 980 (1930) ("The mere fact that appellant was permitted to intervene before the Commission does not entitle it to institute an independent suit to set aside the Commission's order, in the absence of resulting actual or threatened legal injury to it."); *see also Independent Investor Protective League v. S.E.C.,* 495 F.2d 311, 313 (2d Cir.1974); *Kansas–Nebraska Natural Gas Co. v. State Corp. Comm'n,* 205 Kan. 838, 473 P.2d 27, 30–31 (1970); *Hartford Distrib., Inc. v. Liquor Control Comm'n,* 177 Conn. 616, 419 A.2d 346, 348 (1979).

*Trust Co. v. Falkner,* 369 S.W.2d 427 (Tex. 1963); *City of San Angelo v. Boehme Bakery,* 144 Tex. 281, 190 S.W.2d 67 (1945); *Arberry v. Beavers,* 6 Tex. 457 (1851); *Glascock v. The Comm'r of the General Land Office,* 3 Tex. 51 (1848). These are, of course, the familiar causes of action employed to invoke the court's power of *constitutional* "judicial review." In addition, however, a litigant may request "judicial review" in a cause of action unknown to the common law—the Legislature may have provided for "judicial review" in the form of a statutory cause of action maintainable by one who has been adversely affected by an agency decision in a particular controversy. An example of this cause of action may be found in Tex.Alco.Bev. Code Ann. § 11.67 (1978 & Supp.1990). Another kind of statutory cause of action is that provided in the Texas Administrative Procedure and Texas Register Act (APTRA), Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 12 (Supp.1990). Section 12 of that statute authorizes "judicial review" of agency rules in a declaratory-judgment action brought in a district court of Travis County to determine the validity or applicability of such rules. There are a wide variety of statutes creating such statutory causes of action. They are customarily included by the Legislature in almost all the constitutive statutes creating and empowering State administrative agencies. These statutory causes of action are the means by which litigants invoke a court's power of *statutory* "judicial review."

Concerning the *timing* of suits for "judicial review," the common-law doctrines of ripeness, exhaustion of remedies, and primary jurisdiction may preclude *any* premature suit for "judicial review;" or such review may be unavailable because the provisions creating a statutory cause of action limit such actions to suits that challenge the *final* decisions taken by the agency. The terms of APTRA § 19(a) so limit most such statutory causes of action. *See generally Browning–Ferris, Inc. v. Brazoria County,* 742 S.W.2d 43 (Tex.App.1987, no writ); *see also Sun Oil Co. v. Railroad Comm'n,* 158 Tex. 292, 311 S.W.2d 235 (1958) ("ripeness"); *Sproles Motor Freight*

*Line, Inc. v. Smith,* 130 S.W.2d 1087 (Tex. Civ.App.1939, writ ref'd ("exhaustion")). But the timing of a suit for "judicial review" does not determine whether the plaintiff's allegations request the court to examine and correct an agency action. Indeed, the timing doctrines assume that he does.

I believe it indisputable that both Silver Eagle, by its suit for injunctive relief, and Tebbs, by its petition in intervention, requested "judicial review" of the Commission's actions. Only Tebbs continues to request "judicial review" in this Court. Thus, we are called upon to determine only whether the power of "judicial review" exists with respect to Tebbs's claim in light of the interest he asserts in making that claim.

In my view, the district court properly struck Tebbs's petition in intervention because Tebbs lacked a personal stake in the controversy. Therefore, even if the district-court injunction order is voidable or erroneous, we may not hold it to be so on the complaint of Tebbs, the only person who assails the order in this Court.