Sheila Ann HILL, Appellant,

v.

Ronnie Keyleen HILL, Appellee.

No. 13157.

Court of Civil Appeals of Texas, Austin.

May 21, 1980.

Carol E. Prater, Temple, for appellant.

John Gauntt, Taylor, Taylor, Gauntt & Guess, Temple, for appellee.

SHANNON, Justice.

Appellant Sheila Ann Hill and appellee Ronnie Keyleen Hill were divorced on October 3, 1975, by the district court of Bell County. That judgment appointed appellant managing conservator of the couple's two-year-old child, Ronnie Keyleen Hill, Jr.

In September, 1978, appellant filed a motion to modify the 1975 judgment to increase the amount of child support payments made by appellee. Also in September, 1978, appellee filed a motion to modify the October judgment. By that motion, appellee sought appointment as managing conservator of the child.

Instead of litigating the motions to modify the October, 1975, judgment, the parties agreed to the entry of a consent judgment. The district court in the consent judgment, entered in December, 1978, appointed appellee managing conservator and appellant possessory conservator of the child. The peculiar feature of the judgment was that the appointment of the conservators was made effective for a limited duration, from December 15, 1978, to January 1, 1980. The judgment contained no provision for the appointment of conservators after January 1, 1980.

In June, 1979, appellant filed a pleading denominated "original answer" in which she claimed that the agreed judgment was not final and was subject to further orders of the court. Appellant moved the court to vacate the agreed judgment and to set a hearing to the end that she be appointed managing conservator.

Appellant's pleading did not contain allegations to qualify as a motion to modify under Tex. Family Code Ann. § 14.08(d) (Supp.1980). Likewise, the pleading was not supported by an affidavit containing the supportive facts as required by § 14.-08(d). Appellant's pleading did not allege that the consent judgment was obtained by fraud or mutual mistake.

After hearing, the district court entered judgment denying all relief sought by appellant in her "original answer." This Court will affirm the judgment of the district court.

A consent judgment has the same degree of finality and binding force as does one entered by the court at the conclusion of an adversary proceeding. *Pollard v. Steffens*, 161 Tex. 594, 343 S.W.2d 234, 239 (1961); *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890 (1956); *Ranger Insurance Co. v. Rogers*, 530 S.W.2d 162 (Tex.Civ.App. 1975, writ ref'd n. r. e.); 3 Freeman, *Judgments* § 1350 (1925). Ordinarily, a consent judgment cannot be changed, altered, or set aside without the consent of the parties unless it is properly made to appear that it was obtained by fraud, mutual mistake, or that consent was not given. 3 Freeman, *Judgments* § 1352 (1925).

Nevertheless, by statute, a party affected by a judgment providing for the appointment of a conservator, among other things, may file a motion to modify the judgment. Tex. Family Code Ann. § 14.08 (Supp.1980). Should the motion to modify be filed for the purpose of changing the managing conservator and be filed within one year from the date of the judgment to be modified, the motion must be supported by an affidavit showing that: (1) the child's present environment may endanger his physical health or significantly impair his emotional development; or (2) the managing conservator is the movant seeking modification or consents to modification, and that the modification is in the best interest of the child. Tex. Family Code Ann. § 14.08(d).

In June, 1979, when appellant sought to change the consent judgment, that judgment, by its terms, was effective and binding. By her pleading, appellant did not seek to modify the consent judgment pursuant to Tex. Family Code Ann. § 14.08, nor did she allege fraud or mutual mistake as grounds for setting aside the consent judgment.

The judgment denying appellant relief is in all things affirmed.

Affirmed.

PHILLIPS, C. J., not sitting.