CAUSE NO 13-15-00105-CV

FILED
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

9/3/15

Dorian E. Ramirez
CLERK

In The Thirteenth Court of Appeals

Corpus Christi and Edinburg, Texas

---

CROX QUINTANILLA

V.

LAW OFFICE OF JERRY J. TREVIÑO, P.C. and JERRY J. TREVIÑO

---

*Appeal from the 347th Judicial District Court of Nueces County, Texas*

*Cause No.  2013-DCV-2066-H*

*Hon. Honorable David Wellington Chew ,Presiding by Assignment*

---

## APPELLANT'S BRIEF

---

Respectfully submitted,

Craig S. Smith
SB #18553570
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A; P.M.B. 240
Corpus Christi, Texas 78418
(361) 728-8037
csslaw@stx.rr.com

René Rodriguez
SB #17148400
LAW OFFICE OF RENÉ RODRIGUEZ
433 South Tancahua
Corpus Christi, Texas 78401
(361) 882-1919 Telephone
(361) 882-2042 Telecopier

ATTORNEYS FOR APPELLANT
CROX QUINTANILLA

# IDENTITY OF PARTIES AND COUNSEL

Appellant:                                    Counsel for Appellant:

Crox Quintanilla                              Craig S. Smith
                                              LAW OFFICE OF CRAIG S. SMITH
                                              14493 S.P.I.D., Suite A; P.M.B. 240
                                              Corpus Christi, Texas 78418
                                              361.728.8037  Telephone
                                              csslaw@stx.rr.com

                                                    *Appellate Counsel*

                                              René Rodriguez
                                              LAW OFFICE OF RENÉ RODRIGUEZ
                                              433 South Tancahua
                                              Corpus Christi, Texas 78401
                                              361.882.1919  Telephone
                                              361.882.2042  Telecopier

                                                    *Trial and Appellate Counsel*

Appellee:                                     Counsel for Appellee:

Law Office of Jerry J. Treviño P.C.           Tony Canales
and Jerry J. Treviño                          CANALES & SIMONSON, P.C.
                                              2601 Morgan Ave.
                                              Corpus Christi, Texas 78405
                                              361.883.0601 Telephone
                                              361.884.7023 Telecopier

                                                    *Trial and Appellate Counsel*

Parities to Underlying Case and Not Parties to this Appeal:

Parties:                                    Counsel for Parties:

Randall Barrera                             Ron Barroso
                                            5350 S. Staples Street, #401
                                            Corpus Christi, Texas 78411-4654
                                            361.994.7200  Telephone
                                            361.994.0069  Telecopier


René Rodriguez                              Kevin W. Grillo
                                            Rey Peña
                                            1240 Third St.
                                            Corpus Christi, Texas 78401
                                            361.356.1882 Telephone
                                            361.356.1882 Telecopier

Reynaldo A. Peña                            René Rodriguez
                                            LAW OFFICE OF RENÉ RODRIGUEZ
                                            433 South Tancahua
                                            Corpus Christi, Texas 78401
                                            361.882.1919  Telephone
                                            361.882.2042  Telecopier

DOE Defendant No. 1

DOE Entity No. 1

-

# TABLE OF CONTENTS

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*ii and iii*

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *iv*

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *v*

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*vi*

Record References . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*vi*

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

# INDEX OF AUTHORITIES

<u>CASES</u>

Page(s)

*Firefighters v. Cleveland,*
     478 U.S. 501, 528-529, 106 S.Ct. 3093, 3078-3079 (1986). . . . . . . . . . . . . . . . . . . . .7

*Guaranty Fed. Sav. Bank v. Horseshoe Oper. Co.,*
     793 S.W.2d 652, 657 (Tex. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Hensley v. Salinas,*
     583 S.W.2d 617 (Tex. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Hill v. Hill,*
     599 S.W.2d 691 (Tex. Civ. App. 1980, no writ). . . . . . . . . . . . . . . . . . . . . . . .7

*H. Tebbs, Inc. v. Silver Eagle Distributors, Inc.,*
     797 S.W.2d 80 (Tex. App.- Austin 1990, no writ). . . . . . . . . . . . . . . . . . . . . 6,7

*Serna v. Webster,*
     908 S.W.2d 487 (Tex. App. - San Antonio 1995, no writ). . . . . . . . . . . . . . . . . . .6

*Travelers Insurance Co. v. Williams,*
     603 S.W.2d 258 (Tex. Civ. App. 1980, no writ). . . . . . . . . . . . . . . . . . . . . . . .7

## STATEMENT OF THE CASE

This appeal concerns a trial court's order dismissing appellant's claims.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes oral argument would not be necessary to the Court in determining this case. Therefore, Appellant Crox Quintanilla respectfully does not request oral argument in this matter.

## RECORD REFERENCES

Citations to the Clerk's Record shall be referred to herein as "(C.R. page )."

## ISSUE PRESENTED

Whether the trial court abused its discretion by dismissing Appellant's case.

CAUSE NO 13-15-00105-CV

In The Thirteenth Court of Appeals
Corpus Christi and Edinburg, Texas

CROX QUINTANILLA

V.

LAW OFFICE OF JERRY J. TREVIÑO, P.C. and JERRY J. TREVIÑO

*Appeal from the 347ᵗʰ Judicial District Court of Nueces County, Texas*

*Cause No.  2013-DCV-2066-H*

*Hon. Honorable David Wellington Chew ,Presiding by Assignment*

APPELLANT'S BRIEF

TO THE HONORABLE JUSTICES OF THE 13TH COURT OF APPEALS:

COMES NOW Appellant, *Crox Quintanilla*, filing his Appellant's Brief respectfully showing the Court as follows:

STATEMENT OF FACTS

On or about April 15, 2013, Appellee *Law Offices of Jerry J. Treviño* sued *Randall Barrera*, Individually, *René Rodriguez*, Individually, and *René Rodriguez*, Trustee, for, *inter alia,* a debt/contract, tortious interference with a contract, conversion, breach of fiduciary duty and assisting in breach of fiduciary duty, arising from a *Settlement and*

*Confidentiality Agreement* between Appellant and *Randall Barrera*. (C.R. page 5).

Appellee *Law Offices of Jerry J. Treviño* was essentially asserting that there was a valid

and enforceable assignment of said *Settlement and Confidentiality Agreement* by

Appellant *Crox Quintanilla* to Appellee *Law Offices of Jerry J. Treviño*. Appellee *Law*

*Offices of Jerry J. Treviño* also was seeking a declaratory judgment and a temporary restraining

order. (On a subsequent pleading Appellees included *Reynaldo A. Peña, Individually, DOE*

*Defendant No. 1, Individually, an Unknown Person,* and *DOE Entity No. 1, an Unkonwn Entity*

as Defendants.)

Less than a month after filing this litigation, Quintanilla filed an Original Petition in

Intervention on May 6, 2013. Quintanilla thereafter filed his First Amended Original Petition in

Intervention on August 2, 2013 to include Appellee *Jerry J. Treviño* as a party to the litigation

alleging the following: *Fraud by Nondisclosure, Common Law Fraud, Tortuous Interference*

*with Contract, Breach of Fiduciary Duty, Fraudulent Inducement, Negligent Misrepresentation,*

*Negligence and Theft of Property*.

Appellee *Jerry J. Treviño* was the lawyer for Quintanilla when this alleged assignment

occurred. This breached fiduciary duties and constitutes a fraud on Quintanilla. Treviño paid

Quintanilla $28,000.00 for an assignment of a settlement agreement valued at

approximately $200,000.00.

On September 3, 2014, counsel for the *Law Office of Jerry J. Treviño* and *Jerry J.*

*Treviño* submitted to all counsel a proposed settlement requesting that "all parties"

dismiss their respective suits (C.R. page 227), attaching a document entitled All Parties'

Motion for Non Suit (C.R. page 229) with signature lines for all lawyers and an Order of Dismissal. (C.R. page 233) All parties (i.e., Defendants and Intervenor) refused to sign the proposed Motion.

On September 24, 2014, the Appellees filed another document entitled Plaintiffs', Law Office of Jerry J. Trevino, P.C. and Jerry Trevino, Individually, Motion for Non Suit (C.R. pages 192 & 235) with a proposed Order of Dismissal. (C.R. page 238). Since no other party to this litigation agreed to dismiss their causes of action, this Motion specifically sought the dismissal of only all claims "filed under the pleading entitled '*Plaintiff's First Amended Petition*' against *Randall Barrera*, *Rene Rodriguez*, Individually & as Trustee" and "for non-suit of all claims made in Jerry Trevino's '*Intervenor Counter Claim*' against all parties including *Crox Quintanilla, Reynaldo A. Pena* and *unnamed defendants*." On that same day, the Court signed an Order of Dismissal granting the non-suit "and all claims of the Plaintiffs' Law Office of Jerry J. Trevino and Jerry J. Trevino, Individually are hereby dismissed." (C.R. page 191) No motions to reconsider, motions for new trial and/or appeals were filed by Appellees *Law Office of Jerry J. Treviño* and *Jerry J. Treviño* within the following thirty (30) days.

Since assigned Judge Chew had not made any appearances or rulings on pending discovery and summary judgment motions for over a year, counsel for Appellant filed Motions on August 18, 2014, to set a hearing on all pending motions, to set a trial date and, in the alternative, to have the 5th Administrative Judicial Region Judge Rolando

-3-

Olvera, Jr. assign a new judge in this litigation. (C.R. page 186)  The Court had scheduled a hearing for January 30, 2015, regarding all pending Motions in this matter.  (C.R. page 186)  Appellant  had the following Motions pending:

> *Traditional Motion for Partial Summary Judgment as to the Law Offices of Jerry J. Treviño*
>
> *Amended Motion to Compel against the Law Office of Jerry J. Treviño, P.C. to respond to Request for Disclosures, Requests for Production and Interrogatories*
>
> *Motion to Compel Responses to Second Set of Request for Production to the Law Office of Jerry J. Treviño, P.C.*
>
> *Motion to Remove Monies from Trust Account*

Although the Appellees  *Law Office of Jerry J. Treviño* and *Jerry J. Treviño* were not parties to this lawsuit on January 12, 2015, and had no standing to file a request for a ruling on any of its prior Motions, which had been the subject of the Order of Dismissal of September 24, 2015, the former Plaintiffs filed  *Plaintiffs' Memorandum in Support of Motion to Dismiss Plea in Intervention*.  (C.R. page 196)  Without a hearing or notice to anyone, the Court *sua sponte* on January 22, 2015 executed an Order on Interpleader Petition incorrectly stating that "the Plaintiff's Motion to Non-Suit and Order of dismissal entered on September 24, 2014, disposed of all issues and causes of actions of *all parties*." (*Emphasis added)*  (C.R. page 201).

The Motion for Non Suit filed on September 24, 2014 by Plaintiffs/Appellees was

-4-

very specific. The Plaintiffs/Appellees sought the Non Suit of all claims "filed under the pleading entitled '*Plaintiff's First Amended Petition*' against Randall Barrera, Rene Rodriguez, Individually & as Trustee" and "for non-suit of all claims made in Jerry Trevino '*Intervenor Counter Claim*' against all parties including Crox Quintanilla, Reynaldo A. Pena and unnamed defendants."   The Order of Dismissal of September 24, 2015 was a non suit and dismissal of only Plaintiffs'/Appellees' claims - which does not dispose of all issues and causes of actions of *all parties*, including the Amended Original Petition in Intervention filed by Crox Quintanilla.

On January 26, 2015, Appellant filed *Intervenor Plaintiff's Motion to Reconsider, or in the alternative, Motion for New Trial.*  (C.R. page 220) On January 27, 2015, Judge David Wellington Chew again *sua sponte* issued an Order on *Intervenor Plaintiff's Motion to Reconsider and Motion for New Trial* summarily denying the requested relief. (C.R. page 207).

## SUMMARY OF THE ARGUMENT

The Court abused its discretion by dismissing Appellant's pleadings.


## ARGUMENT

On Mary 6, 2013, Crox Quintanilla filed an *Original Petition in Intervention* and on August 2, 2013 a *First Amended Original Petition in Intervention.*   He did not file a *Plea in Intervention* or a *Motion to Intervene* as stated in Appellees *Memorandum in*

*Support of Motion to Dismiss Plea in Intervention*. (C.R. page 196) In addition and contrary to Appellees' *Memorandum*, "an intervenor is not required to secure the court's permission to intervene." *See: Guaranty Fed. Sav. Bank v. Horseshoe Oper. Co.,* 793 S.W.2d 652, 657 (Tex. 1990). Once *Intervenor Plaintff* intervened, he/she is before the Court for all purposes. Plaintiffs' cannot dismiss their claims and affect the intervenor's rights in this litigation as to Trevino. Thus, contrary to Trevino's Motion for Non Suit (C.R. pages 192 & 235) (which was the subject of a Non Suit/Order of Dismissal dated September 24, 2014) and *Memorandum* (which was filed more than 30 days after the signing of the Order of Dismissal dated September 24, 2014), Quintanilla had live claims that could not be dismissed.

Quintanilla was entitled to a merits resolution by a Texas court under the Due Process Clause and Open Courts Provision. His claim could not be stricken out by the trial court arbitrarily. The Honorable trial court wrongfully denied Quintanilla his right to a trial, and this Court must reverse.

In the *Memorandum in Support of Motion to Dismiss Plea in Intervention,* Appellees cite *Serna v. Webster* and *H. Tebbs, Inc. v. Silver Eagle Distributors, Inc.* for the proposition that "There is no lawsuit pending." These cases do not support any of the Appellees' arguments regarding a dismissal of *Intervenor Plaintiff's Petition in Intervention* or that the *Petition in Intervention* is not a "lawsuit pending." In fact, no where in any of these two cases do those courts state: "There is no lawsuit pending." –

not at page 492 (*Serna* case) nor at page 84 (*Silver Eagle* case) as cited by Appellees on page 2 of their *Memorandum in Support of Motion to Dismiss Plea in Intervention*. (C.R. page 196) It does not state that a Dismissal of an Original Petition dismisses a Petition in Intervention. Both of these cases hold to the contrary. Quintanilla's pleadings were a pending lawsuit.

In fact, *Serna* noted: "If appellants intervened in the suit, they were properly parties before the Court." @ 491. The Court further stated that: "We hold that appellants, having intervened and appeared, were parties before the court for all purposes." @ 492. As such, once Appellant filed his Petition in Intervention, he is before the Court for all purposes and Appellees cannot dismiss *Intervenor Plaintff's* claims and affect the intervenor's rights.

In *H. Tebbs, Inc.*, Silver Eagle Distributors, Inc.'s contention was that the court's Agreed Order constituted an agreed judgment and is therefore not subject to attack absent an allegation of fraud or mistake. H. Tebbs, Inc. claimed the court's Agreed Order was a nullity without the consent of all parties, which included the intervenor (*H. Tebbs, Inc.*). While it is true that an agreed judgment is not subject to attack absent an allegation of fraud or mistake, *Hill v. Hill,* 599 S.W.2d 691 (Tex. Civ. App. 1980, no writ), it is also generally true that an agreed judgment can be rendered only if *all* parties agree. *Hensley v. Salinas,* 583 S.W.2d 617 (Tex. 1979); *H. Tebbs, Inc. v. Silver Eagle Distributors, Inc.,* 797 S.W.2d 80 (Tex.App. - Austin, 1990). In the *H. Tebbs, Inc.* case, Silver Eagle

argued that even if the district court had permitted intervention by *H. Tebbs, Inc.*, the intervention would not affect the validity of this Agreed Order. The Court stated that the validity of judgments made on the basis of agreements between *some* of the parties without the consent of intervenors was addressed by the United States Supreme Court:

> It has never been supposed that one party -- whether an original party, a party that was joined later, or an intervenor -- could preclude other parties from settling their own disputes and thereby withdrawing from litigation . . . . Of course, parties who choose to resolve litigation through settlement may not dispose of the claims of a third party, and a fortiori may not impose duties or obligations on a third party, without that party's agreement. A court's approval of a consent decree between some of the parties therefore cannot dispose of the valid claims of nonconsenting intervenors.

*Firefighters v. Cleveland*, 478 U.S. 501, 528-529 (1986). *See also: Travelers Insurance Co. v. Williams,* 603 S.W.2d 258 (Tex. Civ. App. 1980, no writ) (treating intervenors as parties whose consent was necessary to the agreed judgment).

Thus, just as a consent judgment cannot affect the intervenor's rights without the consent of the intervenor, neither can a voluntary dismissal by a third party effect the intervenor's rights.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant Quintanilla respectfully prays that this Court remand.

Respectfully submitted,

LAW OFFICE OF RENÉ RODRIGUEZ

433 South Tancahua

Corpus Christi, Texas 78401

TELEPHONE: (361) 882-1919

FACSIMILE:    (361) 882-2042

rene.rodriguez@rdrlaw.com

By:      /s/ *René Rodriguez*

     RENÉ RODRIGUEZ

     State Bar No. 17148400

LAW OFFICE OF CRAIG SMITH

14493 S.P.I.D., suite A, P.M.B. 240

Corpus Christi, Texas 78418

TELEPHONE: (361) 728 8037

csslaw@stx.rr.com

ATTORNEYS FOR APPELLANT

CROX QUINTANILLA

## CERTIFICATE OF SERVICE AND COMPLIANCE

I  hereby certify that the above and foregoing APPELLANT'S BRIEF was served upon counsel of record via the method indicated on September 1, 2015.

I certify there are 2455 words in this entire document.

　　　　　　　　　　　　　　　　　　　　　　/s/ *René Rodriguez*　　　　　　
　　　　　　　　　　　　　　　　　　　　　　René Rodriguez

CAUSE NO. 2013-DCV-2066-H

| | | |
|---|---|---|
| LAW OFFICE OF JERRY J. TREVINO, P.C.<br>Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| RANDALL BARRERA, Individually;<br>RENE RODRIGUEZ, Individually;<br>RENE RODRIGUEZ, Trustee;<br>REYNALDO A. PENA, Individually;<br>DOE DEFENDANT NO. 1, Individually,<br>An Unknown Person; and<br>DOE ENTITY NO. 1, an Unknown Entity;<br>Defendants; | § | |
| | § | |
| CROX QUINTANILLA,<br>Intervenor Plaintiff | § | 347TH JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | |
| LAW OFFICE OF JERRY J. TREVINO,<br>P.C.; and JERRY J. TREVINO,<br>Individually,<br>Intervenor-Defendants and<br>Counter-Intervenor Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| CROX QUINTANILLA,<br>Intervenor Plaintiff and<br>Counter-Intervenor Defendant. | § | NUECES COUNTY, TEXAS |

## ORDER OF DISMISSAL

Plaintiffs, Law Office of Jerry J. Trevino and Jerry J. Trevino, Individually move for a Non-Suit of all of the parties in interests. The Court after considering the request GRANTS THE NON-SUIT and all claims of the Plaintiffs Law Office of Jerry J. Trevino and Jerry J. Trevino, Individually are hereby dismissed.

Signed this 24th day of Sep, 2014

JUDGE PRESIDING
David Wellington Chew
Senior Justice, Sitting by Assignment

Cause No. 2013-DCV-2066-H

| | | |
|---|---|---|
| LAW OFFICE OF JERRY J. TREVINO, P.C., *Plaintiff* | § § § | IN THE DISTRICT COURT |
| VS. | § § | |
| RANDALL BARRERA, Individually; RENE RODRIGUEZ, Individually & as Trustee, *Defendants* | § § § § | |
| CROX QUINTANILLA,, *Intervenor Plaintiff* | § § § § | 347rn JUDICIAL DISTRICT |
| VS. | § § | |
| LAW OFFICE OF JERRY J. TREVINO, P.C. and JERRY J. TREVINO *Intervenor Defendants* | § § § | NUECES COUNTY, TEXAS |

## ORDER ON INTERVENOR PLAINTIFF'S MOTION TO RECONSIDER and MOTION FOR NEW TRIAL

After considering *Intervenor Plaintiff's Motion to Reconsider and Motion for New Trial,* the response, the pleadings and arguments of counsel, it is the Order of the Court, and it is so ORDERED that the Motions are Denied.

Signed the 27th day of January, 2015.

DAVID WELLINGTON CHEW,
Senior Justice
Sitting by Assignment