## EDWARD RISCHE V. ULRICH H. RISCHE.

### Decided April 3, 1907.

**1.—Receiver—Partnership—Pleading.**

In a suit by one partner against another for an accounting and the appointment of a receiver, an allegation in the petition "that heretofore, to wit, on or about May 1, 1899, plaintiff and defendant entered into a partnership for the purpose of conducting a bottling works, bottling soda and mineral water for sale in the city of San Antonio, Bexar County, Texas, under the firm name of 'Rische Brothers,' and they continued to conduct said partnership business until about September 10, 1906," was a sufficient allegation of the partnership; it was not necessary to set out the details of the partnership, and said allegation together with the allegation that plaintiff had been ousted from participation in the management of the partnership affairs, and that it was probable the partnership assets would be lost, was sufficient to authorize the appointment of a receiver under article 1465 of the Revised Statutes.

**2.—Application for Receiver—Duty of Court.**

Upon an application for a receiver for a partnership the court is not required to pass on any question involving the respective or ultimate rights of the partners, but the matters alleged must require the dissolution of the partnership. The court is vested with large discretion as to the necessity for a receiver, and its decision when the evidence is conflicting is conclusive.

**3.—Same—Statute Construed—Case Criticized.**

Under the provisions of article 1492, Revised Statutes, one partner suing another need not allege and prove that the partnership property is in danger of being lost, removed or materially injured, to entitle him to a receiver; it is sufficient if he has been wrongfully excluded from participation in the management of the partnership affairs. The statement to the contrary in the case of Bank v. Dunham, 44 S. W. Rep., 605, is *obiter dictum.*

Appeal from the 37th District Court, Bexar County. Tried below before Hon. Edward Dwyer.

*C. K. Breneman,* for appellant.—The District Court erred in overruling defendant's first special exception to plaintiff's original petition, which is as follows:

"1. It does not set out the facts constituting the cause of action with sufficient certainty, because, this is an action between alleged partners, a suit brought for an accounting, the winding up of an alleged partnership, and for the appointment of a receiver, and there is no sufficient averment of partnership between plaintiff and defendant." The averment of said petition that on or about May 1, 1899, plaintiff and defendant entered into a partnership, etc., and the averment, "that notwithstanding such partnership agreement, etc.," are allegations of conclusions of law. Besides, facts must be alleged in the petition showing the necessity for a receiver; and, under article 1465 Revised Statutes, when a receiver is prayed for, it must be alleged that the property described therein as belonging to the partnership, is in danger of being lost, removed or materially injured. Revised Statutes art. 1465; Webb v. Allen, 15 Texas Civ. App. 605; 15 Enc. Pl. and Pr. 1083 and notes; 15 Enc. Pl. and Pr. 716.

In an action between partners, when a receiver is prayed for to take

charge of the partnership property pending the litigation, under the statute of this State, article 1465, Revised Statutes, it must be shown that the property is in danger of being lost, removed or materially injured. This provision of the statute is mandatory. Revised Statutes article 1465; City National Bank v. Dunham, 44 S. W. Rep. 607; Lancaster v. Asheville St. Ry. Co., 90 Fed. Rep. 133.

*R. J. Boyle,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is an action instituted by appellee against appellant in which it was alleged that appellant and appellee were partners and that appellee had been excluded from participation in the management of the partnership property and in the profits arising therefrom, and prayed for an accounting and the appointment of a receiver to take charge of the partnership property. The petition was verified by affidavit and was met by a sworn denial of the partnership and other defensive matter on the part of appellant. The application was heard, not upon the affidavits alone, but upon oral testimony as well. The court entered an interlocutory order appointing a receiver, and from that order this appeal has been perfected under the provision of article 1383, Revised Statutes, which authorizes an appeal from an interlocutory order of the District Court appointing a receiver or trustee. No question can be determined on this appeal except the authority of the District Court to appoint the receiver under the allegations and evidence.

The petition alleged "that heretofore to-wit, on or about May 1, 1899, plaintiff and defendant entered into a partnership for the purpose of conducting a bottling works, bottling soda and mineral water for sale in the City of San Antonio, Bexar County, Texas, under the firm name of 'Rische Brothers,' and they continued to conduct said partnership business until about September 10, 1906." That is a sufficient allegation of the partnership existing between the parties and the court did not, as claimed in the first assignment of error, err in overruling the special exception which set up the insufficiency of the petition to allege a partnership. No such exception as is copied in the assignment of error was ever made by appellant, and while we have considered it, we will not go beyond it and consider the point that there is no allegation that the property is in danger of being lost, removed or materially injured, which is not mentioned in the exception copied in the assignment of error.

The second assignment of error is not well taken. The averment of a partnership was sufficient without giving the details of the same. If appellee was a partner in the concern he had the right to an accounting no matter what his interest might be. He alleged that he had been ousted from the partnership by appellant and had been refused a settlement and adjustment of the partnership matters, and that his partner had refused to allow him to participate in the management of the business and that it was probable that the assets and accounts may be lost to appellee. That was sufficient under the statute to authorize the appointment of a receiver. Art. 1465, Rev. Stats.

Upon an application for a receiver for the partnership assets the

court was not called on to pass upon questions of rights between the partners, the sole object being to protect and retain the assets for the benefit of those to whom it should subsequently appear that they belong. It is also a rule that a receiver will not be appointed unless the matters alleged will ultimately entitle the complainant to a dissolution of the partnership. One of the grounds for dissolving a partnership is where the party applying for a dissolution of the partnership is excluded from the management or a participation in the profits of the firm. Each member of a partnership, in the absence of an agreement to the contrary, has the right to share in the management of the firm affairs and to participate in the profits, and a refusal of one or both of these rights is sufficient to warrant a decree of dissolution of the partnership and the appointment of a receiver.

Before a receiver can be appointed in cases between members of a partnership the due existence of the partnership must be established either by the admission of the defendant, or by other competent testimony. We conclude that the evidence was sufficient to show a partnership between appellant and appellee, and the other facts demanding the appointment of a receiver, in so far as it was necessary in a proceeding like the one in which this appeal has been taken. The denial of the partnership is not sufficient to prevent the appointment of a receiver, when the court is satisfied from the evidence in support of the application that the partnership relation exists. In a case of this kind it need not appear conclusively that the plaintiff is entitled to recover. "The court appointing a receiver is invested with a large discretion as to the necessity, and its decision of the facts upon the supporting and counter affidavits, when they are conflicting, must be accepted as conclusive." Houston Cemetery Co. v. Drew, 13 Texas Civ. App. 536; Hottenstein v. Conrad, 9 Kan. 435; High, Rec. §479.

Article 1465 provides that receivers may be apppointed "in an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured." In the case of City Nat. Bank v. Dunham, 44 S. W. Rep. 605, the Court of Civil Appeals of the Fifth District held that in each of the cases mentioned in the statute, as a basis for the appointment of a receiver, it must be shown "that the property or fund is in danger of being lost, removed or materially injured." That declaration was made in a case in which creditors were applying for an injunction to restrain the disposition of property conveyed to trustees and for the appointment of a receiver. It was shown that the plaintiffs had an adequate remedy at law and it was unnecessary for the court to construe the statute as it did, and if such construction should have been made it could have had no force except as applied to the class of litigants involved in the suit. The settlement of partnership affairs was not involved, and we feel confident that if they had been the court would not have held as it did in view of the provision in article 1492 Rev. Stats., that nothing contained in

the Act of 1887, of which art. 1465 is a part, "shall prevent a member of any copartnership from having a receiver appointed whenever a cause of action arises between the copartners." That provision had the effect of relieving one partner suing another from proving that the partnership property is in danger of being lost, removed or materially injured. In other words it left the question of receivers, as between partners, just as it was fixed by the rules of equity. One of those rules is that a receiver will be appointed if one partner wrongfully excludes another from the management of the partnership affairs even though the partnership assets are not endangered. Beach on Receivers, §§93 and 566.

In case of one partner applying for a receiver of partnership property, who shows that he has been wrongfully excluded from participation in the management and control of partnership property, proof of that fact alone, without evidence of insolvency of the partner of whom complaint is made, is sufficient to justify the appointment of a receiver. Beach on Receivers §574. In that section is quoted the following language of Lord Eldon on the subject under consideration: "The most prominent point on which the court acts in appointing a receiver of a partnership concern, is the circumstance of one partner having taken upon himself the power to exclude another from as full a share in the management of the partnership as he, who assumes that power, himself enjoys."

None of the assignments can be sustained and the judgment is affirmed.

*Affirmed.*

Application for writ of error dismissed for want of jurisdiction.