## Herman, Appellant, *v.* Pepper et al.

Argued December 6, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Hugh Roberts,* for appellant.—A deed of conveyance of land absolute and unconditional upon its face, but intended and understood by the parties to be merely a security for the payment of a debt, or the performance of some other condition, will be regarded and treated in equity as a mortgage, giving to the parties the relative rights and remedies of mortgagor and mortgagee and nothing more: Kerr v. Gilmore, 6 Watts 405; Brown v. Nickle, 6 Pa. 390; Houser v. Lamont, 55 Pa. 311; Harper's App., 64 Pa. 315; Haynes v. Thompson, 70 Pa. 434; Huston v. Regn, 184 Pa. 419.

A partner's right in specific partnership property is not assignable: Kramer v. Arthurs, 7 Pa. 165.

It is the duty of the managing partner to render accounts: Jones v. Farquhar, 186 Pa. 400.

When partners deny copartner title, possession and management of partnership property, ousted partner is entitled to immediate valuation of his share and to an accounting.

*J. Claude Bedford,* for appellee.

OPINION BY MR. JUSTICE DREW, March 20, 1933:

This is a proceeding in equity for the dissolution of a partnership, and an accounting and settlement of the partnership affairs. From the decree of the court below, denying the relief sought, complainant appealed.

As found by the learned chancellor, the material facts of the case are: The complainant, Benjamin Herman, on June 30, 1927, with Samuel J. Bobb and the defendant Raymond J. Pepper, entered into a written agreement of partnership for the building and operation of apartment houses. They erected the Westover Apartments on Pine Street in Philadelphia, and operated them. On June 6, 1928, complainant borrowed from John W. Pepper, the father of Raymond J. Pepper and also a defend-

ant, but not then a partner, the sum of $10,000. At the same time, he executed, acknowledged and delivered to John W. Pepper an assignment in the form of a letter, the relevant portions of which are: "For and in consideration of your loaning to me the sum of $10,000, I hereby grant and convey and assign, transfer, and set over to you, all my estate, right, title and interest of, in and to the lots or pieces of ground and the apartments thereon erected and being erected on the south side of Pine Street, between 47th and 48th Streets, Philadelphia." Raymond Pepper and Bobb consented to the assignment. Coincidently with this, John W. Pepper executed, acknowledged and delivered to complainant a written agreement to reconvey, in the form of a letter to complainant, which, after reciting the above assignment, contained the following undertaking on his part: "The understanding between us is that at any time within one year from the date hereof, if you will pay to me the sum of $10,000 with interest at six per cent from this date to the time of payment, I will either cancel this assignment or convey my interest in the said lots or pieces of ground and the apartments thereon erected to you or your nominee, you to pay the cost of such assignment or conveyance." On the following day, complainant and his wife executed and delivered to John W. Pepper a deed, absolute in form, by which, for a recited consideration of one dollar, they purported to convey to him all their right, title and interest in and to this property.

After the execution of these instruments complainant, Raymond Pepper, and Bobb continued to operate the apartments as copartners until November 3, 1928, when John W. Pepper, with the consent of complainant and Raymond Pepper, purchased the interest of Bobb and took his place in the partnership. Complainant and the two Peppers thereafter operated the apartments as copartners, complainant and Raymond Pepper serving as managers at salaries of $50 a week.

In January, 1931, the Prudential Insurance Company, holder of a $300,000 first mortgage on the apartments, refused to carry the mortgage any longer unless back taxes and amortization charges were paid, and, among other things, objected to the payment of the salary of $50 a week to complainant, on the ground that only one manager was needed. After the receipt of a letter to this effect from their attorney, the Peppers refused to allow complainant to draw his salary, taking the position that the deed of June 7, 1928, was an absolute conveyance of his entire interest in the partnership, and that, therefore, complainant was no longer a partner and had no interest in the property. Complainant thereupon filed this bill. Defendants answered, denying complainant's right to relief and setting up the conveyance of June 7, 1928. The court below held that "the effect of the transaction of June 6th and 7th, 1928, was that John W. Pepper became the legal owner of the interest in the partnership property formerly in Benjamin Herman and thereafter Benjamin Herman had an equitable interest conditioned upon his repayment of the $10,000 with interest at 6% within one year from June 6, 1928," and entered a decree denying relief to complainant and allowing complainant fifteen days in which to redeem his interest in the partnership, in default of which the conveyance of June 7, 1928, should become absolute.

The conveyance of June 7, 1928, given as security for an indebtedness and accompanied by a written agreement to reconvey, is not an absolute conveyance; though absolute in form, it amounts only to a mortgage: Colwell v. Woods, 3 Watts 188; Kerr v. Gilmore, 6 Watts 405; Harper's App., 64 Pa. 315; Huston v. Regn, 184 Pa. 419. Even considered as covering complainant's entire interest in the partnership property, and not merely his interest in the land and buildings specifically described, it is still only a mortgage. By the execution of a mortgage on his interest, complainant did not cease to be a partner, nor was he deprived of his rights as such:

Bufort v. Neely, 2 Dev. Eq. (N. C.) 481; Inglis v. Floyd, 33 Mo. App. 565; see Monroe v. Hamilton, 60 Ala. 226; DuPont v. McLaran, 61 Mo. 502; Donnelly v. McArdle, 120 N. Y. App. Div. 871. Neither did he lose his right to a dissolution, accounting, and settlement: DuPont v. McLaran, supra; Donnelly v. McArdle, supra; Bufort v. Neely, supra.

This brings us to the final question: has complainant established a right to a judicial dissolution of the partnership? By section 32 of the Uniform Partnership Act of March 26, 1915, P. L. 18, it is provided that dissolution may be decreed in certain specified situations, or where "other circumstances render a dissolution equitable." This case does not fall within any of the specified situations, and the question is, therefore, whether the facts and circumstances of the case render a dissolution equitable. The exclusion of one partner by another from the management of the partnership business or possession of the partnership property is undoubtedly ground for dissolution by a court of equity: Gowan v. Jeffries, 2 Ashm. 296; Hartman v. Woehr, 18 N. J. Eq. 383; Rische v. Rische, 46 Tex. Civ. App. 23. See 47 C. J. 119. In Gowan v. Jeffries, supra, the exclusion of complainant from the management of the firm's business, coupled with other circumstances, was held ground for the appointment of a receiver, on the theory that it was ground for dissolution. In Hartman v. Woehr, supra, and Rische v. Rische, supra, exclusion under facts very similar to those of the instant case was held ground for dissolution. "Each member of a partnership, in the absence of an agreement to the contrary, has the right to share in the management of the firm affairs and to participate in the profits, and a refusal of one or both of these rights is sufficient to warrant a decree of dissolution of the partnership and the appointment of a receiver": Rische v. Rische, supra. In the instant case, the proof establishes that the Peppers denied complainant's standing as a partner, and asserted that they were

the sole partners in the enterprise; denied that he had any interest in the partnership property or the profits thereof, and asserted that the same belonged solely to themselves; denied to complainant any voice in the management of the enterprise, and excluded him entirely from participation in the partnership affairs. Under these circumstances, complainant was clearly entitled to a dissolution of the partnership, and the court below erred in refusing this relief.

Upon dissolution and settlement, the interest of complainant in the assets of the partnership will of course be subject to the mortgage lien of John W. Pepper for $10,000, with interest. Inasmuch as a recent audit has been made of the partnership affairs, at a cost of $1,948, it will doubtless be unnecessary to incur further expense for an audit for the period covered by that audit. This expense, already incurred, should therefore be charged against the partnership itself. We affirm the other findings of the learned chancellor.

The decree is reversed, and the case is remanded to the court below with directions to enter a decree dissolving the partnership, permitting the foreclosure of the collateral, and ordering an accounting and settlement of the partnership affairs, payment to be made to such partners as may be found entitled thereto; the costs of this appeal to be divided equally between the parties.