J-A15028-14

2014 PA Super 200

| MICHAEL STAIGER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| KEVIN HOLOHAN, 200 EAST AIRY STREET, LLC AND GREEN AND AIRY LAUNDROMAT, LLC | |
| Appellee | No. 3152 EDA 2013 |

Appeal from the Judgment Entered December 24, 2013
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2006-30412

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

OPINION BY LAZARUS, J.:                    **FILED SEPTEMBER 17, 2014**

Michael Staiger appeals from the judgment entered on December 24, 2013, in the Court of Common Pleas of Montgomery County, which denied his post-trial motion to remove the judgment of nonsuit entered against him on April 3, 2012.  After careful review, we reverse and remand for the trial court to hold a new trial.

Staiger and Kevin Holohan are business partners, each fifty-percent members of two limited liability companies, Appellants 200 E. Airy, LLC and Green & Airy Laundromat, LLC.  Staiger provided $165,000 in start-up capital for 200 E. Airy, LLC.  According to an investment agreement signed by the parties on May 26, 2003, this start-up capital amount was to be repaid to Staiger within four years.  On May 30, 2003, Staiger and Holohan formed 200 E. Airy, LLC and executed an operating agreement for the

purpose of developing the property at 200 E. Airy Street, Norristown, Pennsylvania. The parties renovated the property for the operation of a laundromat and convenience store. On December 23, 2004, after the renovation had been completed, Staiger and Holohan formed Green and Airy, LLC for the purpose of operating the laundromat. The operating agreement for Green and Airy, LLC and the operating agreement for 200 E. Airy, LLC contain identical language indicating that the members have the authority to make business decisions and the decisions of a majority are controlling.

Staiger and Holohan signed a management agreement for Green and Airy, LLC on May 13, 2005, which provided that an unnamed LLC of Holohan's was to manage Green and Airy, LLC for a fee for an initial term of five years, then continue for two additional five-year periods. However, the business relationship between Staiger and Holohan deteriorated, such that in 2006 they exchanged emails in which they agreed to dissolve their partnership. Despite agreeing they did not wish to continue doing business together, the parties were unsuccessful in negotiating a buy-out agreement. Since then, Holohan has unilaterally operated the LLCs, to the extent that "[Staiger] will not receive any further money nor information regarding the operations of the business." Plaintiff's Exhibit 11. Holohan has allegedly refused to repay Staiger for his initial investment. Holohan also hired legal counsel for the LLCs and caused the LLCs to pay for his personal legal fees

without Staiger's consent. Staiger thus asserts that he has been "frozen out" from operating the LLCs and receiving any return on his investment.

On January 16, 2007, Staiger commenced the instant action by filing a complaint seeking judicial dissolution of the LLCs. The LLCs were declared to be indispensable parties by order dated March 25, 2010, and, thereafter, Staiger joined the LLCs as additional defendants to the action. On January 17, 2012, Staiger filed a motion for summary judgment. Without ruling on the motion, the trial court commenced a bench trial on April 2, 2012. After Staiger presented his evidence, Holohan moved for a nonsuit, which the trial court granted.

Staiger then filed a post-trial motion seeking to remove the nonsuit. On September 21, 2012, the trial court entered an order granting Staiger's post-trial motion, vacating the order granting the nonsuit, granting Staiger's motion for summary judgment, appointing a liquidating trustee to sell and dispose of the LLCs' assets and creditors, and ordering that, upon the sale and disposition of the assets and payment of the creditors, the LLCs were to be dissolved pursuant to 15 Pa.C.S. § 8972. The trial court held in favor of Staiger because the parties could not agree on business decisions in conformity with the operating agreements, and "Holohan has continued to unilaterally manage the [LLCs] and exclude [Staiger] from any management decisions." Trial Court Opinion, 12/13/12, at 9.

Holohan appealed on October 16, 2012, and this Court held that the grant of the summary judgment motion was a nullity and remanded the

matter to the trial court.[1]  Thereafter, the trial court issued an order on November 4, 2013, denying Staiger's post-trial motion and reinstating the judgment of nonsuit.  The trial court simply abandoned its earlier holding, finding that because the entities are profitable, mere disagreement between the business partners does not warrant dissolution of the LLCs.  Staiger filed the instant appeal ostensibly from the trial court's denial of his post-trial motion seeking removal of the nonsuit and judgment in favor of judicial dissolution of the LLCs.[2]

Our standard of review of the denial of a motion to remove a nonsuit is well-established.  Nonsuit is properly entered where it is clear that the plaintiff has not established a cause of action or right to relief.  Pa.R.C.P. 230.1.  In determining whether the plaintiff has established a right to relief,

> [t]he plaintiff must be allowed the benefit of all favorable evidence and reasonable inferences arising therefrom, and

_____

[1] **Staiger v. Holohan**, 82 A.3d 1081 (Pa. Super. 2013) (unpublished memorandum).

[2] As this Court noted in **International Ass'n of Theatrical Stage Employees v. Mid-Atlantic Promotions, Inc.**, 856 A.2d 102 (Pa. Super. 2004):

> Such an order is interlocutory and generally not immediately appealable.  Rather, it is the subsequent judgment that is the appealable order.  A final judgment entered during the pendency of an appeal, however is sufficient to perfect appellate jurisdiction.

**Id.** at 104 n.2 (citations omitted).  In light of the entry of final judgment on December 24, 2013, we have jurisdiction over this appeal.

> any conflicts in the evidence must be resolved in favor of the plaintiff. Further, [i]t has been long settled that a compulsory nonsuit can only be granted in cases where it is clear that a cause of action has not been established. However[,] where it is clear a cause of action has not been established, a compulsory nonsuit is proper. We must, therefore, review the evidence to determine whether the order entering judgment of compulsory nonsuit was proper.

*Braun v. Target Corp.*, 983 A.2d 752, 764 (Pa. Super. 2009). "This Court will reverse an order denying a motion to remove a nonsuit only if the court abused its discretion or made an error of law." *Brinich v. Jencka*, 757 A.2d 388, 402 (Pa. Super. 2000).

Instantly, the right to relief Staiger sought to establish involved judicial dissolution of the jointly-owned LLCs. If a member applies for dissolution, "the court may order dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the operating agreement." 15 Pa.C.S. § 8972. Because the LLC is a relatively new legal entity in Pennsylvania, there is a dearth of cases addressing judicial dissolution under section 8972. Nevertheless, the "not reasonably practicable" language is the same standard that is applicable to the dissolution of limited partnerships and is one of the grounds for dissolving a general partnership. *See* 15 Pa.C.S. § 8972, committee cmt.; 15 Pa.C.S. § 8354.

In the partnership context, "[t]he exclusion of one partner by another from the management of the partnership business or possession of the partnership property is undoubtedly ground for dissolution." *Herman v.*

***Pepper***, 166 A. 587 (Pa. 1933). Holohan, nevertheless, relies on the argument that the LLCs are profitable and that "[a] going and prosperous business will not be dissolved merely because of friction among the partners; it will not interfere to determine which contending faction is more at fault." ***Potter v. Brown***, 195 A. 901, 904 (Pa. 1938). However, in Potter, the partnership was being operated according to its operating agreement, which specified that management of the business was to be controlled by one partner, Henry I. Brown, Sr. The court refused to grant judicial dissolution, finding that "[i]f the plaintiffs are aggrieved because they are unable to exercise the direction over partnership affairs that they feel is their due, the reason is to be found primarily in the partnership agreement . . . rather than because of any misconduct of Mr. Brown." ***Id.*** The partnership was operating according to the agreed-upon terms, and, thus, dissolution was not warranted.[3]

_____

[3] Holohan asserts that the investment and management agreements vested him with exclusive authority to manage the LLCs. The investment agreement provides that Holohan's real estate management company, K3 Properties, is responsible for managing the day-to-day affairs of 200 E. Airy, LLC. It does not, however, alter how major business decisions are to be made. The management agreement states that it "supersedes any and all written and oral agreements previously made between the parties." Plaintiff's Exhibit 4. The parties to the management agreement were Green and Airy Laundromat, LLC, and an unnamed LLC. However, because the parties were not identical to the parties involved in the LLCs in the instant matter, the agreement does not supersede the LLC operating agreements. Furthermore, this matter proceeded to trial, and the arguments Holohan makes regarding contractual provisions that could have potentially altered the management of the LLCs are appropriate for the trial context. At best, *(Footnote Continued Next Page)*

In contrast, the operating agreements for the LLCs in this matter require a majority vote of the members to make business decisions. Here, Staiger and Holohan are each fifty-percent owners, such that when they disagree, the result is a deadlock and decisions cannot be made pursuant to the operating agreement. Further, Staiger presented evidence demonstrating that Holohan has consistently made unilateral management decisions, excluding Staiger from the process completely. Holohan independently hired legal counsel for the LLCs and caused the LLCs to pay for his personal legal fees of $13,255.00 without Staiger's consent. Furthermore, Staiger alleges he has not been repaid for his initial investment of $165,000 and currently is receiving no return on his investment in the businesses even though they are profitable. Thus, Staiger presented evidence indicating that he has been wrongfully excluded from managing the LLCs, which is grounds for dissolution. **Herman**, **supra**.

Based upon our review of the evidence Staiger presented, we find that he demonstrated that grounds exist for dissolution of the LLCs and, thus, established a right to relief. **Braun**, **supra**. Therefore, the trial court erred in granting a nonsuit. **Brinich**, **supra**. Accordingly, we reverse the judgment of nonsuit and remand for a new trial.

_(Footnote Continued)_ ⸺

Holohan's arguments function as defenses to Staiger's cause of action and are irrelevant with respect to whether Staiger has established a right to relief.

Judgment reversed. Remanded for new trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2014